Fell *et al. v.* Muller.

———————◆———————

No. 7169.

FELL ET AL. *v.* MULLER.

<div style="float:right">78  507<br/>150  432</div>

PRACTICE.—*Suppressed Depositions.—Harmless Error.*—Where depositions have been suppressed and the ruling is complained of as erroneous, the error, if any, will be considered harmless, when the record shows that the suppressed depositions were read in evidence, on the trial, by the complaining party.

SAME.—*Appeal by Plaintiff.—When Judgment Affirmed.*—When the plaintiff appeals and the record shows he has no cause of action against the defendant, intervening errors, if any, must be regarded as harmless, and the judgment below must be affirmed.

EXECUTORY CONTRACT FOR SALE OF GOODS.—*Delivery or Offer to Deliver to Vendee.—Failure to Accept.—Measure of Damages.*—In all cases of contracts for the sale of personal property which has any market value, the vendor must deliver the property to the vendee, or must do such acts as will vest the title to such property in the vendee, or as would have vested the title in him if he had consented to accept such property, before such vendor can maintain an action against the vendee for the recovery of the contract price, or any part thereof; and in such an action, the measure of the vendor's damages, as a rule, is the difference between the value of the property at the time of the vendee's refusal to accept it and the contract price.

From the Wayne Circuit Court.

Fell *et al. v.* Muller.

*C. C. Binkley,* for appellants.

*W. A. Bickle,* for appellee.

HOWK, J.—This suit was commenced by the appellants, as plaintiffs, against the appellee, as defendant, before a justice of the peace of Wayne county. The trial of the cause before the justice resulted in a judgment for the appellants, from which judgment the defendant below appealed to the circuit court. There the cause was tried by the court and a finding was made for the appellee; and the appellants' motion for a new trial having been overruled, and their exception saved to this ruling, the court rendered judgment against them, on its finding, for the appellee's costs.

The following decisions of the circuit court have been assigned by the appellants as errors in this court:

1. In sustaining the appellee's motion to suppress the first deposition of William J. Fell, taken May 20th, 1874;

2. In sustaining appellee's motion to suppress the second deposition of William J. Fell, taken August 12th, 1874;

3. In suppressing the deposition of Thomas E. Taylor;

4. In suppressing questions 5, 6 and 7, and the several answers thereto, in the deposition of William J. Fell, taken August 12th, 1874, and questions 5, 6 and 7, and the answers thereto, in the deposition of Thomas E. Taylor, taken on the same day; and,

5. In overruling their motion for a new trial.

The suit was brought upon a written contract, which reads in substance, as follows:

"Whereas, C. J. Fell & Brother, of Philadelphia, Pa., hold a claim against Bernard Muller, of Richmond, Indiana, for $266.40, as follows:"

(Here follows a bill for "yeast powders," less certain percentage and allowances.)

"And, on the 10th of September, 1872, C. J. Fell & Brother drew on said Muller for $266.40, to their own order, endorsed to and presented by C. F. Reeves, cashier First

Fell *et al. v.* Muller.

National Bank, Richmond, Ind., which was not accepted or paid by Muller, because he claimed that said goods did not give satisfaction. Now, in settlement of these matters, Muller agrees to and with C. J. Fell & Brother to deliver back to them, prepared for shipping, at the railroad depot in Richmond, Ind., all the above named goods, except about one-half gross sold, and he further agrees that he will, between this and the 5th day of June, 1873, buy from them the full amount of said $266.40 of their goods, such as they keep quoted in their price-list, and at regular prices, and pay for the same, and when this is all done and completed, then it is agreed between said parties, that said claim is fully paid and satisfied, and all matters between them shall be considered fully adjusted. Dated, March 22d, 1873." (Signed) " C. J. Fell & Brother, by C. C. Binkley, their attorney."

" B. Muller."

In their complaint, the appellants alleged, among other things, that the appellee had wholly failed, neglected and refused to perform his part of said contract, in this, that notwithstanding the appellants, during all the time between March 22d, 1873, and June 5th, 1873, and from that time until the commencement of this action, had kept large quantities of goods and a regular price-list thereof, a copy of which price-list was furnished to appellee, on March 22d, 1873, and at divers times since, yet the appellee had not, at any time since the execution of said contract, bought or offered to buy from the appellants the full amount of said $266.40, or any part thereof, of their goods so kept and quoted in their said price-list, but had wholly failed, neglected and refused so to do ; and that, during all that time, the appellants were ready, willing, able and prepared to sell said goods to appellee at regular prices.

The appellants averred that the profits to them in the sale of said goods, at regular prices, at all times during the time above mentioned, would have been ninety-five dollars on said

sum of $266.40, and that said profit remained due and unpaid. Wherefore, etc.

The principal ground relied upon in argument, by the appellants' counsel, for the reversal of the judgment below, is the alleged erroneous decisions of the trial court in suppressing certain depositions and parts of depositions taken in the cause. The record shows that the court, at its November term, 1874, sustained the appellee's motions to suppress the appellants' depositions; to which rulings they excepted and filed their bill of exceptions. Afterwards, on the 19th day of June, 1875, and after the court on the trial of the cause had found for the appellee and rendered judgment accordingly, the appellants filed a second bill of exceptions, purporting to contain the evidence given on the trial. In this bill of exceptions it is shown that the first evidence introduced by the appellants was the suppressed "depositions of Jenks Fell and Joseph E. Taylor." It would seem, therefore, that the appellee had probably waived or withdrawn his objections to the depositions, at least, so far as to allow them to be introduced in evidence.

The rulings of the court, in suppressing the depositions, even if erroneous, would therefore be harmless errors, and not available for the reversal of the judgment.

The real question for decision in this case would seem to be this: Did the appellants' complaint state a cause of action in their favor against the appellee? If it did not state a valid or sufficient cause of action against the appellee, and we think it did not, then it is clear that the appellants were not harmed by any of the rulings of the trial court adverse to them, and the judgment below must be affirmed. For in section 101 of the civil code of 1852, in force at the time of trial, and still in force as section 137 of the civil code of 1881, it is provided in substance, that no judgment can be reversed or affected by reason of any error or defect in the proceedings, which does not affect the substantial rights of the adverse party. So, in section 580 of the civil code of 1852, re-enacted and now in

'force as section 659 of the civil code of 1881, the following provision is found : " Nor shall any judgment be stayed or reversed, in whole or in part, where it shall appear to the court that the merits of the cause have been fairly tried and determined in the court below."

If the written instrument, upon which the appellants' complaint is founded, was a mere *nudum pactum* on the part of the appellee, resting upon an insufficient consideration, it is. clear, we think, that his mere failure or refusal to comply with his part of the written contract would not give the appellants. a cause of action against him for the recovery of their alleged profits under the contract. The contract is peculiar in its terms. It recites that the appellants had held a claim of a. certain amount against the appellee for " yeast powders," which claim he refused to pay, " because he claimed that said goods did not give satisfaction." It is then provided, that,. " in settlement of these matters," the appellee agreed to deliver back the said goods to the appellants, at the railroad. depot in Richmond, and that, between March 22d and June 5th, 1873, he would buy from them the full amount of $266.40 of their goods, such as they kept quoted in their price-list, at regular prices, and pay therefor. It may be said, we think, that the contract shows upon its face that it was executed by the appellee " in settlement," or by way of compromise, of a claim which the appellants held against him, and such a settlement may properly be regarded as a sufficient consideration for the execution of the contract, " for the law favors the settlement of disputes." 1 Parsons Contracts, 438.

But, conceding that the appellee's contract rests upon a. sufficient consideration, the question remains, Have the appellants stated sufficient facts, in their complaint, to show that. they had sustained any legal damages by the alleged breach of such contract on the part of the appellee. It will be observed that the only breach of the contract assigned by the appellants is, that the appellee had not, at any time since his execution of said contract, bought or offered to buy from them

the full amount of $266.40, or any part thereof, of their goods kept and quoted in their said price-lists, but had wholly failed, neglected and refused so to do, and that, during all that time, they were ready, willing, able and prepared to sell said goods to appellee, at regular prices. This breach of the contract is supplemented by the averment that the profit to the appellants, in the sale of said goods at regular prices, at all times during the time mentioned in the complaint, would have been $95 on the said sum of $266.40, and that the said profit remained due and unpaid. The complaint shows that the appellants were ready and willing to perform, but does not aver that they offered to perform, their part of the contract. Ordinarily, in such a case as this, the averment of an offer to perform, on the part of the plaintiffs, would be a material and necessary averment.

But the most serious difficulty with the appellants' complaint, in the case at bar, lies in this, that it wholly fails to allege such facts as would enable the court and jury to determine what damages, if any, they had sustained by reason of the appellee's alleged breach of the contract in suit. In other words, the complaint fails to allege the difference, or that there was any difference, between the contract price and the market value of the goods, at the time and place when and where the appellee, under the contract, should have bought and accepted them. The rule for the measure of damages, in such a case, is thus stated in Chitty on Contracts, 11th Am. ed., p. 1331 : " In an action for not accepting goods, the measure of damages is the difference between the contract price and the market price, on the day when the vendee ought to have accepted the goods."

In *The Pittsburgh, etc., Railway Co.* v. *Heck*, 50 Ind. 303, after quoting with approval the rule thus laid down by Mr. Chitty, this court said : " It is conceived that in all cases of contracts for the sale of personal property, where it has any market value, the vendor, before he can recover of the vendee the contract price, must have delivered the property to the

vendee, or have done such acts as vested the title in the vendee, or would have vested the title in him, if he had consented to accept it; for the law will not tolerate the palpable injustice of permitting the vendor to hold the property and also to recover the price of it."

In the case now before us, the appellants are seeking to recover thirty-five per cent. of the contract price of their goods, which percentage they call their profit under the contract, without delivering or offering to deliver the goods, or any part thereof, to the appellee, and without having done any acts which would vest the title in the appellee to the goods, or to any part or percentage thereof. It seems to us that, upon the facts of this case as stated in their complaint, the appellants could not, in any event, recover more than merely nominal damages; and certainly we know of no rule of law which would enable them, upon the facts stated, to recover as damages the alleged profits for which they sue.

The facts in this case are, in many respects, similar to the facts in the case of *Ganson* v. *Madigan,* 13 Wis. 75. In that case the court said:

"Where the vendor has actually taken all the steps necessary to vest the title to the goods sold in the vendee, he may sue for goods sold and delivered, and the rule of damages would be the contract price. But where he is ready and willing to perform, and offers to do so, but the vendee refuses, even though the title is not vested in the vendee, the vendor still has his action on the contract for damages. But the rule of damages in such case would be the actual injury sustained, which is ordinarily the difference between the value of the property at the time of the refusal, and the price agreed on. Chitty on Con. 384; 1 Chitty's Pl. 347; 2 Parsons on Con. 484, note *h; Thompson* v. *Alger,* 12 Met. 428; *Allen* v. *Jarvis,* 20 Conn. 38; *Girard* v. *Taggart,* 5 S. & R. 19."

As we have seen, the appellants have not shown in their complaint such necessary facts as would enable the court or

jury to determine the question as to whether or not they had sustained any damages, and if so how much, by reason of the alleged breach of the contract in suit by the appellee. The evidence in the record, consisting chiefly of the depositions of the appellants, failed to show that they had sustained any damages by reason of the appellee's breach of the contract sued upon; because it failed to show any difference between the contract price of the goods, referred to in the contract, and the market value of such goods, at any time between the date of such contract and the commencement of this suit.

Upon the whole case, we are of the opinion that the court committed no error in overruling the appellants' motion for a new trial.

The judgment is affirmed, at the appellants' costs.