CHARLES W. REEVE, Respondent, *v.* JEREMIAH GALLIVAN, Appellant.

*Contract — measure of damages for its breach — goods purchased for future delivery.*

In an action brought to recover the damages resulting from a breach of contract it appeared that the plaintiff entered into a contract with the defendant whereby the defendant sold to the plaintiff 2,000 casks of cider vinegar, which were to be delivered in carload lots, as the plaintiff might order, between October 15, 1891, and October 15, 1892, which contract defendant wholly failed to perform, and that the plaintiff was compelled to purchase and did purchase that amount of vinegar from other parties during the period mentioned in the contract, at prices exceeding the sum for which defendant agreed to sell the same. The last purchase of the plaintiff was 1,305 barrels on October 10, 1892, to be delivered thereafter.

*Held*, that the purchase was within the time limit of the contract, although the contract expired October 15, 1892, and this purchase was for future delivery;

That the measure of damages was the difference between the contract price and the market value on October 10, 1892.

APPEAL by the defendant Jeremiah Gallivan from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 26th day of January, 1895, upon the report of a referee.

*Edward A. Horton* and *I. Newton Williams*, for the appellant.

*Alfred E. Mudge*, for the respondent.

DYKMAN, J.:

This is an appeal by the defendant from a judgment entered on the report of a referee in favor of the plaintiff.

On the 10th day of September, 1891, the defendant in this action, under the name of Gallivan & Co., signed a memorandum of agreement in writing, by which he sold to the plaintiff 2,000 casks of pure cider vinegar, which should fully meet all the requirements of the New York State Vinegar Law in every possible respect, at five and one-half cents a gallon free on board the cars at the defendant's mill.

The deliveries were to be made in carload lots as the plaintiff might order between October 15, 1891, and October 15, 1892. The plaintiff was to furnish the empty casks free on board the cars at the same place. The deliveries of each month were to be paid for on the tenth day of each succeeding month.

The plaintiff alleges a breach of that contract by the defendant by reason of which the plaintiff was compelled to purchase and did purchase during the period mentioned in the memorandum that quantity of vinegar from other parties at prices exceeding the sum for which the defendant agreed to sell the same to the damage of the plaintiff of $1,866.57. There was a second cause of action stated in the complaint for ninety-four barrels at one dollar each and twenty-six dollars and twenty-three cents cooperage charges incurred by the plaintiff for the defendant's account. The answer admits the contract, denies plaintiff's performance of it, and the defendant's breach of it, and denies the plaintiff's allegations as to damages. It admits the receipt of ninety barrels and sets up a counterclaim of eighty-two dollars and fifty-eight cents for cider sold to the plaintiff by the defendant in August, 1891. It then sets up as an affirmative defense and excuse for non-performance, that the

contract sued on is not the entire contract and that a part of it was oral to furnish cider as well as vinegar.

It alleges a sale of cider on which there was a balance due the defendant of eighty-two dollars and fifty-eight cents. It then sets up some other matters not very material to be mentioned here.

After finding that the contract was made as stated in the complaint, the referee found as facts that the defendant failed and refused to deliver the vinegar or any part thereof. That the plaintiff was compelled to and did purchase at different times, during the period which the defendant undertook to deliver the vinegar, 2,000 barrels containing 95,056 gallons of vinegar. That the aggregate value of the vinegar so purchased by the plaintiff was $7,014.48, and the aggregate amount purchased of the defendant at five and one-half cents a gallon would have cost $5,228.08, and the interest upon the difference between the market value and the contract price calculated from and the different months during the year when such vinegar was to be delivered was $224 88. That the defendant was indebted to the plaintiff for cooperage upon barrels and for ninety-four barrels, $96.85, less $68.58, leaving the sum of $27.27 due upon that account from the defendant to the plaintiff.

As a conclusion of law the referee found that the plaintiff was entitled to judgment against the defendant for $2,038.55, with costs.

The appellant complains chiefly of the damages. He says the last purchase of the plaintiff was 1,305 barrels, October 10, 1892, to be delivered thereafter, and as his contract with the plaintiff expired October 15, 1892, this last purchase was for future deliveries.

But we cannot see how that fact can be invoked in aid of the defendant. The purchase was within the time limited by the contract, and the sum paid was the market value at that time, and that is within the rule of law. The true measure of damages was the difference between the contract price and the market value on October 10, 1892. (*Brock* v. *Knower*, 37 Hun, 609, and cases there cited.)

This case was tried and decided upon that theory, and no error was committed in relation to the damages. All the facts found by the referee are sustained by the evidence. Many of the purchases of vinegar by plaintiff were made in the vicinity of the defendant's

mill, and they all seem to have been fairly made at ruling prices, and under such circumstances the market price is ordinarily the measure of its value. (*Parmenter* v. *Fitzpatrick*, 135 N. Y. 190.) We detect no error in the record.

Judgment should be affirmed, with costs.

BROWN, P. J., and PRATT, J., concurred.

Judgment affirmed, with costs.