## THE INDIANA CANNING COMPANY *v.* PRIEST.

[No. 2,072.   Filed December 15, 1896.]

CONTRACT.—*Breach of.*—*Measure of Damages.*—The measure of damages for failure to carry out a contract of purchase of all tomatoes plaintiff should raise on a certain tract of land, is such contract price, less the cost of gathering and delivering the tomatoes, where it is shown that there was no other market for the tomatoes; and where there is no evidence as to the cost of gathering and delivering the tomatoes or as to their value in the field, only nominal damages can be recovered.

From the Vanderburgh Superior Court. *Reversed.*

*Alexander Gilchrist* and *Curran A. DeBruler,* for appellant.

*G. K. Denton, H. A. Mattison, Frank B. Posey* and *D. Q. Chappell,* for appellee.

GAVIN, J.—Appellee recovered damages for appellant's refusal to carry out its contract whereby it had agreed to purchase from him all the tomatoes he should raise upon a certain tract of land, delivery to be made by appellee at the appellant's factory.

Appellee's evidence showed that up to September 12, he fulfilled his part of the contract by delivering the tomatoes then ripened, and that he was ready and willing to perform it in full by delivering 1,200

bushels more of the grade and quality called for by the contract, but upon that day appellant notified him it would receive no more from him, wherefore no further effort to deliver was made, but the tomatoes were permitted to rot in the field.

It is conceded by appellee that the title to the tomatoes, not delivered, never passed to appellant, and that appellee was not entitled to recover the contract price as and for a completed sale, but could only claim such damages as he sustained by the refusal to receive any more tomatoes. *Ridgley* v. *Mooney, ante,* 362; *Shipps* v. *Atkinson,* 8 Ind. App. 505.

An examination of these cases and the authorities therein cited will disclose that it is incumbent upon him who claims such damages to present to the court such data as are necessary to enable the court or jury to properly determine the amount of damages actually sustained. This the appellee did not do.

Assuming that he did prove that there was no available market for the tomatoes, and that he was thereby justified in allowing them to rot upon the ground, still, before appellee's damages could be ascertained it was essential that he should prove the cost of picking and delivering them. They were raised six or seven miles from the factory. If the tomatoes were worthless, then the most which he could ask would be the contract price less the cost of performing it. Had he proceeded to gather and tender, at the place of delivery, then, he might have maintained his action for the full contract price; but not having done this he ought not to recover as though he had so done. There was no evidence whatever as to the cost of gathering and delivering the tomatoes, nor as to the value of the tomatoes in the field. It is true, the jury deducted 10 cents per bushel from what would otherwise be the contract price, possibly intending this as an allowance

for such expense, but there is not a particle of evidence to enable us to determine whether or not this was the correct amount. The evidence is therefore insufficient to establish appellee's claim to more than nominal damages.

Judgment reversed, with instructions to sustain the motion for a new trial.