## BROWNING ET AL. v. SIMONS ET AL.

[No. 2,269.    Filed February 5, 1897.]

ASSIGNMENT OF ERROR.—*Breach of Contract.*—*Measure of Damages.*
—In an action by vendors against vendees for damages for failure
and refusal to receive a certain number of books as contracted for,
such contract providing that the books should consist of five differ-
ent styles of binding, ranging in price according to style of binding,
and such contract was silent as to the style of binding which vendees
agreed to purchase, an assignment that the court erred in over-
ruling appellants' motion on the special verdict in their favor for
$214.50, such amount being based upon the assumption that vendees
were to order and receive an equal number of the five different styles
of binding, is too indefinite to present any question thereon. *pp.
50–52.*

CONTRACT.—*Breach Of.*—*Measure of Damages.*—Where a contract is
made for the sale and delivery of personal property and the vendee
refuses to receive the same at the time and place of the delivery
thereof, the measure of damages is the difference between the con-
tract price and the market value at such time. *p. 52.*

SAME.—*Breach Of.*—*Nominal Damages.*—Where there has been a
breach of contract by one of the parties thereto, the other is at least
entitled to recover nominal damages for such breach. *p. 53.*

APPEAL AND ERROR.—*Nominal Damages.*—*Harmless Error.*—The
Appellate Court will not reverse a judgment of the court below for
its failure to assess nominal damages. *p. 53.*

From the Huntington Circuit Court. *Affirmed.*

*M. L. Spencer* and *W. A. Branyan,* for appellants.

*J. B. Kenner, U. S. Lesh* and *J. M. Hatfield,* for
appellees.

WILEY, J.—Appellants sued appellees, William
Simons and Josiah H. Simons, for an alleged breach
of a written contract. The substance of the contract,
which is made a part of the complaint, is that appel-
lants employed appellees as agents to sell by subscrip-
tion certain books, published by appellants; that said
agency was for a term of one year; that appellees
were to order and sell during the year 600 copies of

a book "known as the Illustrated New Testament, with notes;" that they were to pay cash for the books as ordered; that they were to have the books at fifty per cent. of the regular subscription price, and devote their entire time to selling them. The contract also specifies the territory in which they are authorized to canvass. The breach of this contract, of which the appellants complain, is stated in their complaint in the following language: "Plaintiffs aver that defendants ordered, under and in pursuance of said contract, one hundred and fifty-six books, the price of which they paid, except $14.21, which, with interest thereon since 1889, remains unpaid. plaintiffs further aver that the remaining 444 books of the 600 so sold under said contract, the defendants failed and neglected, and still fail and refuse to take or pay for. Plaintiffs aver that it has had on hand, and had, during the year said contract was to run, all of said 600 books, subject to defendants' order and ready to be delivered, and has done all and singular the things required by said contract, and that by reason of defendants refusing to perform their part of said agreement, plaintiffs have been damaged," etc.

With the complaint and attached thereto, is a bill of particulars, as follows:

TOLEDO, OHIO, Sept. 30, 1895.

MESSRS. WM. and J. H. SIMONS:

Bought of O. A. Browning & Co., Book Publishers and Manufacturers.

Terms ——————.

| | |
|---|---|
| 444 New Testaments, our damage by breach of contract, 1.77 1-2 | $788.10 |
| Balance due on account | 14.21 |
| Interest to be added since 1890 | —— |
| | |
| Total | $802.31 |

Incident to the main action, there was a proceeding in attachment and garnishment, and John H. Simons and Alfred S. Gooden were made garnishee defendants; but as no question is presented by the record for our decision upon that branch of the case, we will not notice it further.

Appellees, William and Josiah H. Simons, answered in four paragraphs.

1. General denial.

2. That appellants and one S. A. Shoemaker entered into a contract, by the terms of which it was agreed that appellees were released from all the conditions imposed upon them by their contract with appellants, and that said Shoemaker was substituted for appellees, and that said Shoemaker undertook to sell the books for the appellants instead of appellees, and that they were released by appellants from any further liabilities under their said contract.

3. That under their contract, with appellants, they were to have the exclusive right to sell the books described therein in the county of Allen, in the State of Indiana, during said time; that after said contract had been entered into and before its expiration, appellants, in violation of its terms, entered into a contract with one Shoemaker, and permitted him to sell said books in said county; that said Shoemaker did so sell, and appellants accepted the price therefor, and that appellants, by said action, violated their said contract with appellees and released them from any further obligations thereunder.

4. That by the terms of said contract they, were to have the exclusive right to sell appellants' books in Allen county; that after its execution, and before its expiration, appellants and one Shoemaker entered into a contract, by the terms of which said Shoemaker was permitted to sell appellants' books in said county;

that appellees acquiesced in said contract on condition and with the agreement that appellants would release them from the sale of 300 books; that appellants so agreed, and was to give them credit on their contract for the sale of said number of books; that appellants thereafter refused to release appellees from the sale of said 300 books; that appellees offered to buy of appellants the difference between the number of books they had sold and 300 on condition that appellants would give them credit on the contract for the 300 they had agreed to do; that they refused and violated their said contract and agreement, and that appellees were thereby released from any further liability, etc.

The appellants did not demur to these affirmative answers, but replied by general denial, and upon the issues thus joined, trial was had by jury, and upon proper request and instructions of the court, a special verdict was returned. Such other proceedings were had as that judgment was rendered for appellees. Appellants have assigned errors as follows:

1. That the court erred in overruling appellants' motion for judgment on the verdict in their favor.

2. That the court erred in overruling appellants' motion for judgment on the verdict in their favor for $214.50.

3. The court erred in sustaining motion by appellees for judgment on the verdict in their favor.

The first assignment of error presents no question for our decision, for the reason that the record does not show that appellants below made any general motion for judgment in their favor, upon the special verdict. The only motion made by them was in writing, and was in the following words and figures: "The plaintiffs move the court for judgment in their favor in the sum of $214.50," and the action of the court in

overruling this motion is properly presented in the second assignment of error. Before discussing the question thus raised, and to the end that it may be clearly presented, it is necessary to look to the special verdict for the facts upon which the motion was predicated.

The pivotal facts, as found and stated by the jury, are as follows:

That appellees ordered and received from appellants 156 books, described in the contract; that they did not neglect to order any more books; that appellants refused and neglected to give appellees credit for 300 books as they agreed to do; that appellants had in stock sufficient books to fill their part of the agreement; that appellants were at all times ready to deliver the books described to appellees; that the average price of the books was $2.65; that plaintiffs, on the recommendation of appellees, employed one Shoemaker, as their agent, to sell their books; that plaintiffs released appellees from selling or ordering 300 of said books, by their contract and agreement with Shoemaker; that appellees were not indebted to appellants in the sum of $14.21, on account of books sold; that appellees sold 175 books, under their contract; that appellees had the exclusive right to sell said books in the counties of Allen, Noble and Elkhart, and in the township of Etna, in Whitley county, from October 10, 1889, to October 10, 1890; that during said time appellants made a contract with one S. A. Shoemaker to sell like books in the same territory, viz.: the county of Allen, except Aboite township; that by said contract said Shoemaker was to sell 300 copies of said book; that in consideration of appellees releasing the territory in Allen county, to said Shoemaker, appellants agreed to release them from selling 300 of said

books and to give them credit on their contract there-
for; that of the 600 books. appellees agreed to sell,
there remained unordered by them 125; that by reason
of appellees failing to order and receive the entire 600
copies of said books appellants did not sell any of said
copies at a less price than the prices appellees were
to pay under their said contract; that appellants did
not suffer any loss on account of the resale of any of
the books that appellees agreed to purchase; that the
market price of the books sold by appellees for appel-
lants was the same from June 16, 1890, to the time
of the commencement of the action herein; that ap-
pellees were to pay for said books, less fifty per cent.,
the following prices: one price, $4.25; second price,
$4.75; third price, $5.25; fourth price, $5.75; and fifth
price, $6.50; that the value of the copies of the books
described in the contract, at the time appellees re-
fused to make further orders, estimating an equal
number of each style, was $116.75.

Upon these facts as set out in special verdict, ap-
pellants based their motion for judgment in their fa-
vor for $214.50. This motion is vague, indefinite, and
uncertain, and it is difficult for us to understand its
full import. It will be observed that the facts found
by the jury are in some respects conflicting and incon-
sistent, but taking the facts and construing them to-
gether, we take it that appellants based their motion
for judgment for a specific sum on the following in-
terrogatories in the special verdict, viz.:

"16th. Was the average price of single copies of
the books described in query No. 1, which defendants
agreed to pay, $2.65? Ans. Yes.

"17th. Was the value of the copies of the books
described in query No. 1 [and we should say here that
'query No. 1' was the one wherein the jury was
asked and found in their answer that the contract de-

scribed in the complaint was made between appellants and appellees], at the time defendants neglected and refused to make further orders, estimating an equal number of each style of binding, $410.70? Ans. No.

"18th. If the value inquired for in the next preceding inquiry was not $410.70, what was the value of said books? Ans. $116.50."

And in the second set of interrogatories, these questions:

"9th. Did any balance of the 600 books, which the defendants agreed to order, remain unordered by them prior to the 10th day of October, 1890? Ans. Yes.

"10th. If you answer the foregoing question yes, state how many? Ans. 125."

Appellants go upon the assumption that appellees were to order from appellants an equal number of each of the five different styles of binding described in the contract, and conclude, therefore, as there were 125 books that appellees, under their contract, had not ordered, and as the average price of the books was $2.65, the appellants, under the facts found, were entitled to recover the agreed price, which would be $331.25, less the actual value, which was $116.75, which would leave $214.50, the amount for which they moved for judgment in their favor.

We do not think this theory of appellants is tenable, for two reasons:

1. It does not state a correct measure of damages for a breach of contract of the character sued upon.

2. The contract does not provide that appellees shall order or purchase an equal number of each style of binding, but is silent upon the question, and it can not be assumed, or presumed, in the absence of facts

to the contrary, that they either would or were compelled to so order.

In the case of *Shover* v. *Jones*, 32 Ind. 141, is found an assignment of error as follows:

"1st. The court erred in finding for, and rendering judgment for, defendants, when said finding and judgment should have been for the plaintiffs." The court said: "The first error assigned is too indefinite to present any question upon the record to this court."

It clearly appears, from the record, that appellants based their right of action upon the theory, that they were entitled to recover from appellees the contract price of the 444 books, which they aver were not ordered by appellees, and having adopted this theory they are bound by it. This principle in jurisprudence is so familiar that citations of authorities are unnecessary.

The rule is well settled, that for a breach of contract for the sale and purchase of personal property, the measure of damages is the difference between the contract and the market price of the article at the time of the breach. This doctrine is elementary and finds a place in the text books. Sutherland on Damages, sections 46-52.

In New York the rule is thus stated: "The measure of damages for breach of contract to sell and deliver, is the difference between the contract price and the market price at the time and place of delivery." *Reeve* v. *Gallivan*, 89 Hun. 59.

The rule as to the measure of damages for a breach of a contract similar to the one sued upon, may be briefly, yet we think clearly stated as follows: Where a contract is made for the sale and delivery of personal property and the vendee refuses to receive the same at the time and place of the delivery thereof, the measure of damages is the difference between the con-

tract price and the market value at such time. *Pittsburgh, etc., R. W. Co.* v. *Heck,* 50 Ind. 303, 19 Am. Rep. 713; *Fell* v. *Muller,* 78 Ind. 507; *Dwiggins* v. *Clark,* 94 Ind. 49; *McComas* v. *Haas,* 107 Ind. 512; *Neal* v. *Shewalter,* 5 Ind. App. 147; *Rahm* v. *Deig,* 121 Ind. 283.

But it is useless to multiply authorities in support of a proposition so firmly settled.

There is no reasonable hypothesis upon which appellants were entitled to a judgment on the special verdict for $214.50, the specific amount embraced in their written motion, and as appellants did not make any other motion for judgment in their favor, we find no error in the record to warrant a reversal. Under the facts found, at most, the appellants were only entitled to recover nominal damages, for the jury find and state as an ultimate fact, that appellees failed to order 125 of the books, which the terms of the contract bound them to do. This was a breach of the contract on the part of appellees, and the rule prevails that where there has been a breach of a contract by one of the parties thereto, the other is at least entitled to recover nominal damages. *Rosenbaum* v. *McThomas,* 34 Ind. 331.

The unbroken line of authorities in this State, however, hold that the appellate tribunal will not reverse a judgment for a failure to assess nominal damages. *Patton* v. *Hamilton,* 12 Ind. 256; *Hacker* v. *Blake,* 17 Ind. 97; *Black* v. *Coan,* 48 Ind. 385; *Mahoney* v. *Robbins,* 49 Ind. 146; *Wimberg* v. *Schwegeman,* 97 Ind. 528.

Judgment affirmed.