Dill *v.* Mumford *et al.*

---

## DILL *v.* MUMFORD ET AL.

[No. 2,383.    Filed March 17, 1898.]

SALES.—*Executory Sales.—Action for Breach of Contract.—Measure*

*of Damages.*—In an action for a breach of contract of an executory sale the measure of damages is the difference between the contract price and the market price at the time and place where, under the contract, the purchaser should have received the goods.   *p. 612.*

SALES.—*Executed Sales.*—Where a seller delivered a carload of wheat to the usual railway carrier, and caused it to be billed to the buyer according to contract, and sent the bill of lading to the buyer, who received it, such transaction amounted to an executed sale.   *pp. 612-614.*

SAME.—*Executed Sale.*—*Breach Of.*—Where a seller delivered wheat on board cars and caused it to be billed to buyer according to contract, and sent the bill of lading to the buyer who refused to receive the wheat, the seller had the right to treat the wheat as the property of the buyer, and maintain an action against him for the contract price, or he could, after giving the buyer notice, sell the wheat and recover from him the difference between the contract price and that realized by resale.   *pp. 612-614.*

PLEADING. — *Complaint.* — *Omission of Material Averment.* — *Not Cured by Evidence.*—Where the averment of a material fact was omitted from a complaint to which a demurrer for want of sufficient facts was overruled, the Appellate Court cannot say, because there was evidence tending to prove such fact, that the merits of the case involving the decision of such fact were fairly determined. *pp. 614, 615.*

From the Lawrence Circuit Court.   *Reversed.*

*Lee & Grimes, Mier & Corr* and *Duncan & Batman,* for appellant.

*J. E. Henley* and *J. B. Wilson,* for appellees.

· BLACK, J.—The complaint of the appellees against the appellant contained two paragraphs, a demurrer to each of which, for want of sufficient facts was overruled.   Issues of fact were formed, and upon the trial thereof by jury there was a general verdict for the appellees in the sum of $134.78.

The first paragraph of the complaint was in the form of a common count for goods sold and delivered, with a bill of particulars.   The sufficiency of the first paragraph is not questioned in argument before us, but we are required to examine the second paragraph. It was alleged in this paragraph, in substance, that the appellees were partners; that on or about the 13th

of June, 1895, they, as such, entered into a contract, memoranda of which in writing the appellant signed, a copy thereof being filed and referred to as an exhibit, whereby the appellant, it was alleged, agreed to purchase from the appellees one car load of wheat at 80¼ cents per bushel, free on board at Chicago, Illinois; that the appellees accepted said offer of appellant, and at said time so notified him; that the appellees at said time agreed to furnish said car load of wheat at said price, and on or about the 19th of June, 1895, the appellees did buy and furnish to the appellant said car load of wheat on railroad track at Chicago, and sent bill of lading to him at Bloomington, Indiana, as requested by him, said car being billed to him at Mitchell, Indiana, according to the instructions of the appellant; that on or about June 20th, 1895, the appellant, upon receiving said bill of lading, refused to accept said wheat or to pay for the same, or any part thereof, but declared that he would have nothing to do with the same whatever; that the appellees were ready, willing and able to comply with said contract on their part, and so notified the appellant, and did all on their part to be done to comply with said contract, but that the appellant failed and refused to comply with said contract, and failed and refused to pay for said wheat or any part thereof, or to receive the same from the appellees; that no time was fixed in said contract within which said car of wheat was to be delivered to the appellant, and that it was billed to and tendered the appellant within a reasonable time, and within the time anticipated by all the parties to said contract at the time of making it; that to hold said wheat was expensive to the appellees; that the market for wheat had decreased in price, so that appellees could not realize the contract price with the appellant

for the same, and could only realize 72 cents per bushel after paying $56.78 freight on said wheat; that the appellees sold said wheat to the best advantage possible, and credited the proceeds of said sale to the account of the appellant made by said contract; that by reason of said failure of appellant to accept said car load of wheat as aforesaid, the appellees were damaged in the sum of $200.00. Wherefore, etc. The "memoranda" filed with this paragraph as an exhibit consisted of a telegram and a letter of the same date, referring to the telegrams, from the appellant to the appellees, purporting to accept one car of wheat at 80¼ to be billed to appellant's order at Mitchell.

Where there has been a breach of a contract for the sale of goods by way of refusal to accept the goods, it is a material question whether the contract was executory or executed,—whether or not the property in the goods had passed to the buyer at the time of the breach of which the seller complains.

If, upon the facts disclosed by the complaint, it could be said that the property in the wheat was not transferred to the buyer, but remained in the sellers, the latter would have their right of action for the refusal of the former to accept the wheat, and the measure of damages would be the difference between the contract price and the market price at the time and place when and where, under the contract, he should have accepted, but refused to do so. It would make no difference in such case whether the sellers retained in themselves the possession of the goods never delivered to the buyer or sold them to a third person. If they resold them, the price received at the resale would not determine the amount of damages recoverable from the rejecting original buyer. The sellers could resell when and where they might please,

and for whatever price they might be willing to accept.   They could recover, and could only recover, the loss, if any, measured by the difference between the contract price and the market price as above stated. In the complaint of the appellees this difference is not shown, and therefore, if the facts constituted an executory contract of sale, the complaint would be wanting in a material matter of fact, necessary for the showing of the amount of the sellers loss.

But we are of the opinion that the complaint showed an executed sale.   The buyer, by his order to the sellers accepted a car load of wheat at a specified price to be billed to the buyer's order.   He thus authorized the sellers to ship the wheat to him by railway carrier.   The sellers delivered the car of wheat to the usual railway carrier; caused it to be billed, not to themselves, but to the buyer's order, and sent the bill of lading to the buyer, who received it.  This fully completed the performance of a contract of sale on the part of the sellers.   The bill of lading representing the wheat was in the hands of the buyer. While the carrier had actual possession *in transitu*, the buyer had symbolical possession and written evidence of ownership and right of disposal.   The sellers had voluntarily parted with possession.   It only remained for the buyer to accept the wheat upon its arrival and to pay for it according to the contract. If the wheat was of the kind, quality and quantity ordered, the buyer had no right to claim that there had been no delivery, and the sellers, as against the buyer had the right to claim that there had been a delivery of wheat according to the contract.

Upon such a rejection of the wheat as is alleged in the complaint, the sellers had the right to treat the wheat as the property of the buyer and to maintain an action against him for the contract price.   Instead

of proceeding thus, they retook possession and resold and brought their action to recover as their resulting loss the difference between the contract price and the price received by them upon the resale of the wheat. To acquire the right to maintain such an action, it was incumbent upon them to give the buyer notice of the resale. In such case, the seller acts as the agent of the buyer, and takes the goods and sells them as the buyer's goods; and, having given him notice of the resale and then having effected it within a reasonable time and in a manner adapted to realize the real value, the seller may recover from the original buyer the difference between the contract price and that realized by resale. The measure of damages in such case is, not the market price, but the price received, and to bind the original buyer thereby, he must be notified of the proposed resale. The giving of notice is a material element in the cause of action, and it must be stated in the complaint. The questions here involved were fully discussed and passed upon by this court in *Ridgley* v. *Mooney*, 16 Ind. App. 362, and the conclusions we now state are fully supported by the opinion in that case. See, also, *Redmond* v. *Smock*, 28 Ind. 365; *Pittsburgh, etc., R. W. Co.* v. *Heck*, 50 Ind. 303, 19 Am. Rep. 713; *Fell* v. *Muller*, 78 Ind. 507; *Dwiggins* v. *Clark*, 94 Ind. 49, 48 Am. Rep. 140; *Shipps* v. *Atkinson*, 8 Ind. App. 505; *Browning* v. *Simons*, 17 Ind. App. 45. It seems to be well settled that the complaint was insufficient on demurrer.

It is claimed by counsel for the appellees that the evidence showed the giving of notice of resale. If the evidence can be regarded as in the record, we cannot look to it in reviewing the action of the court upon the demurrer to the complaint. It is provided by statute, section 348, Burns' R. S. 1894 (345, Horner's R. S.

1897), that no objection taken by demurrer, and over-ruled, shall be sufficient to reverse the judgment, if it appear upon the whole record that the merits of the cause have been fairly determined. The giving of notice was not alleged in any pleading. The verdict, as above stated, was general. This court cannot take upon itself the decision of matters of fact upon the evidence before the jury. It cannot say, merely because there was evidence tending to prove a material fact not in issue, that therefore the merits of a case involving the decision of that fact was fairly determined. The judgment is reversed, and the cause is remanded with instruction to sustain the demurrer to the complaint.