## GAAR, SCOTT & CO. v. FLESHMAN.

[No. 5,389.    Filed April 25, 1906.    Rehearing denied June 28,
1906.]

1.  SALES.—*Contracts.*—*Delivery by Vendor.*—*Refusal to Accept
by Vendee.*—*Recovery.*—Where the vendor executes his contract
by tendering the property sold and the vendee refuses to ac-
cept or pay for the same, the vendor may hold such property
for such vendee and recover the contract price.  p. 491.

2.  SAME. — *Delivery.* — *Title.*—*Vesting.*—*Purchase Money.*—*Re-
covery.*—Before the vendor can recover the contract price of
an article sold, he must have delivered such property or must
have done such things as vest the title thereto in the vendee.
p. 492.

3.  SAME.—*Contracts.*—*Title Retained by Vendor.*—*Measure of
Damages for Breach.*—Where the vendor retains title to the
goods contracted to be sold, the measure of damages for the
vendee's breach of contract is the actual injury such vendor
sustains.   p. 492.

4.  SAME.—*Title to Remain in Vendor.*—*Right of Vendor to Treat
Sale as Absolute.*—*Election.*—*Action for Contract Price.*—*Ef-
fect.*—Where a vendor in his contract of sale provides that
"the title to said goods shall not pass until settlement is con-
cluded and accepted" by such vendor, and the goods are
shipped and tendered as provided for in the contract, and the
vendee refuses to accept, an action by such vendor for the con-
tract price is an election to treat the sale as absolute, and the
absolute title immediately vests in the vendee.  pp. 493, 494.

From Harrison Circuit Court; *C. W. Cook,* Judge.

Action by Gaar, Scott & Co. against Andrew J. Flesh-
man.  From a judgment for defendant, plaintiff appeals.
*Reversed.*

*Murat W. Hopkins, Russell T. MacFall* and *Thomas J.
Wilson,* for appellant.

*William Ridley,* for appellee.

ROBY, C. J.—A demurrer for want of facts was sus-
tained to appellant's amended complaint.  It refused to
plead further and appeals from the judgment thereupon

rendered. The action is founded upon an instrument in writing, by which appellee ordered from appellant a certain machine, agreeing to receive the same, subject to the conditions of a printed warranty, to pay freight and charges from Richmond, Indiana, and to pay, by note, at the time and place of delivery, $463. It also contained stipulations as follows:

"Machinery to be loaded on cars at Richmond, Indiana, on or about May 1, 1903, and shipped to A. J. Fleshman, consignee, at Corydon, Indiana station, County of Harrison, State of Indiana. * * *

7. The title to said goods shall not pass until settlement is concluded, and accepted by Gaar, Scott & Co. * * * This order is not subject to countermand."

It is averred in detail that appellant complied with the terms of said agreement upon its part in all things, but that appellee refused to receive said machine on its arrival at Corydon, refused to execute his note and mortgage in payment therefor, as provided in the contract, or to pay freight and charges; that appellant thereupon tendered said machine to him, demanded that he pay for the same in the manner specified by the contract, but that appellee refused and refuses to do so; that appellant immediately thereafter stored said machine as appellee's property, has ever since and now holds it in storage as his property, and notified him thereof; that appellee is indebted to appellant in the sum of $463, and the further sum of $30 freight paid by it, which sums are due and unpaid.

Appellant's proposition for reversal is that when the vendor has executed a contract by delivery or tender of the chattel sold, and the purchaser has refused to execute the contract by acceptance and payment, the vendor may hold the chattel for the purchaser and recover the contract price. *Gardner* v. *Caylor* (1900), 24 Ind. App. 521; *Rastetter* v. *Reynolds* (1903), 160 Ind. 133; *Dill* v. *Mumford* (1898), 19 Ind. App. 609. This

proposition is not controverted but its applicability is denied. The exception claimed is based upon the clause of the contract by which it is stipulated that title shall not pass until settlement is concluded and accepted.

It is established in this State that "in all cases of contracts for the sale of personal property, when it has any market value, the vendor, before he can recover from

2. the vendee the contract price, must have delivered the property to the vendee, or have done such acts as vested the title in the vendee, or would have vested the title in him, if he had consented to accept it; for the law will not tolerate the palpable injustice of permitting the vendor to hold the property and also recover the price of it." *Pittsburgh, etc., R. Co. v. Heck* (1875), 50 Ind. 303, 19 Am. Rep. 713. And see *Indianapolis, etc., R. Co. v. Maguire* (1878), 62 Ind. 140, 147; *Dwiggins v. Clark* (1884), 94 Ind. 49, 52, 48 Am. Rep. 140; *Dill v. Mumford, supra; Ridgley v. Mooney* (1896), 16 Ind. App. 362; *Browning v. Simons* (1897), 17 Ind. App. 45; *Gardner v. Caylor, supra.*

By the stipulation in the contract, title to the goods contracted for remained in appellant until settlement was concluded and accepted by it. So that unless such

3. stipulation has been waived the measure of damages will be the actual injury sustained by appellant on account of appellee's breach of contract. *Fell v. Muller* (1881), 78 Ind. 507, 513; *Gardner v. Caylor, supra; Shipps v. Atkinson* (1894), 8 Ind. App. 505; *Dill v. Mumford, supra; Ridgley v. Mooney, supra.* There is in the decisions of other courts than our own a diversity of opinion as to the vendor's right to recover the contract price when, by the contract, title remains in him until payment. 24 Am. and Eng. Ency. Law (2d ed.), 1115, 1118, 1149, 1150.

The contract is one for the sale of goods. For its breach the vendee is liable, but he is not liable to pay the full pur-

chase price, unless title has been transferred. In
4. Colles v. Lake Cities Electric R. Co. (1899), 22
Ind. App. 86, this court said: "The property was to
remain in the seller and therefore there was to be no com-
plete absolute sale until the acceptance and payment." In
that case the option of accepting the property and thereby
transferring title was in the vendee, but the effect of the
nontransfer of title upon the right to recover the contract
price is not different than in the case at bar. In that case
the vendee had it in his power to prevent the transfer of
title. In this case the vendor alone determines whether he
will retain title in default of settlement. "He might hold
it or yield it as he chose." Smith v. Barber (1899), 153
Ind. 322. Upon default of payment the vendor had the
right to treat the sale as absolute, and bring an action for
the contract price. Such action evidences his election to
treat the sale as absolute. Turk v. Carnahan (1900), 25
Ind. App. 125, 81 Am. St. 85; Smith v. Barber, supra; 24
Am. and Eng. Ency. Law (2d ed.), 1136.

If appellee's contention, that retaining title by the
vendor prevents the maintenance of an action for the con-
tract price, were conceded, it would as effectually bar a
suit brought after actual possession of the machine had
been taken as it would one under the circumstances here
disclosed. In either case an election to sue for the purchase
price operates to vest the complete title in the purchaser.
It has sometimes been attempted to sustain the right of a
vendor to recover the contract price, upon the theory that
"if a man is willing to contract that he shall be liable for
the whole value of a chattel before the title passes, there is
nothing to prevent his doing so and thereby binding himself
to pay the whole sum." White v. Solomon (1895), 164
Mass. 516, 42 N. E. 104, 30 L. R. A. 537; Register Co. v.
Hill (1904), 136 N. C. 272, 48 S. E. 637. The trouble
with this is that the contract is not one for the payment of
a definite sum of money upon the happening of a certain

event, or at a stated time; but it is a contract for the sale of personal property, the measure of damages for the breach of which is fixed by law as above stated. Three members of the court dissented in *White* v. *Solomon, supra,* and the dissenting opinion of the chief justice expresses both the better reason and the better law.

The writer believes that the opinion in *Kilmer* v. *Moneyweight Scale Co.* (1905), 36 Ind. App. 568, should be modified, but the majority of the court do not think there is any conflict.

Judgment reversed, and cause remanded, with instructions to overrule the demurrer to the complaint, and for further consistent proceedings.

Black, P. J., Myers, Robinson and Wiley, JJ., concur; Comstock, J., not participating.

## ON PETITION FOR REHEARING.

Roby, J.—The contract providing for the retention of title by the vendor is for his benefit and manifestly to compel settlement by the vendee.

4.

If the vendor had no power to waive such provision, he could in no instance recover the full contract price in an action brought before such settlement was concluded. This would be equally true, whether the goods were held by the vendee in person or held for him by the vendor. Acceptance of the goods by the vendee does not destroy the condition or render it inoperative. The delivery of the property at the depot by appellant was, so far as it is concerned, as full a delivery as though appellee had driven to the factory and hauled the machine home. Sued for the contract price, appellee could as well answer in one case as the other, that by the terms of the contract the title remained in the vendor. Such suit in this State evidences an election to treat the sale as absolute. Had appellee taken bodily possession of the machinery and refused to make settlement, appellant might have elected to retake and keep

it. Appellee refusing to receive it, the appellant, having done what lay in its power to make delivery, might have retained possession for itself. It chose, however, as it might do in either case, to sue for the purchase price, and therefore continues to hold the property for appellee.

In the case of *Colles* v. *Lake Cities Electric R. Co.* (1899), 22 Ind. App. 86, the conditions were exactly reversed. The law by which the facts relative to delivery must be measured is a part of the contract, and in measuring the rights of the parties by law, the court puts nothing into the contract other than what the parties themselves include. Facts involved in the authorities heretofore cited, so far as they differ from those presented in the case at bar, may be eliminated, without changing the reason or applicability of the rules declared.

In view of its importance and the novelty of the questions argued, this case has received very careful consideration, and the able brief in support of the petition for a rehearing does not persuade us that the conclusion heretofore announced was incorrect. The petition is therefore overruled.