# ROUSE v. ROSE.

[No. 6,086. Filed January 7, 1908. Rehearing denied February 21, 1908.]

1. PLEADING. — *Complaint.* — *Contracts.*—*Offer.*—*Acceptance.*—*Executed.*—*Money Due Under.*—A complaint alleging that defendant ordered certain books from plaintiff, and agreed to pay a certain price therefor; that the books were shipped to defendant. who refused to receive them, the complaint failing to show that the order was ever accepted, and demanding the contract price, is for money due upon an executed contract and not for damages for breach thereof, and is insufficient. p. 308.

2. SAME.—*Complaint.*—*Contracts.*—*Sales.*—*Retention of Title.*—*Refusal of Purchaser to Receive Goods.*—A complaint showing that defendant contracted for a set of books, the plaintiff to retain title until payment was made therefor; that the books were shipped but defendant refused to accept same, and failing to show who had the books, is bad, where the action is for money due under the contract, and not for a breach thereof. p. 310.

From Wells Circuit Court; *E. C. Vaughn,* Judge.

Action by John E. Rouse against Sallie Rose. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*Levi Mock, John Mock* and *George Mock,* for appellant.

*Abram Simmons* and *Frank C. Dailey,* for appellee.

HADLEY, P. J.—Appellant brought this action against appellee, averring, in substance, that appellant was doing business under the name of "Public Opinion Club;" that he was the owner of "Public Opinion," and was also the owner of the volumes of "New Memorial Edition · of Library of the World's Best Literature," in forty-six volumes; that the appellant, as the "Public Opinion Club," and appellee entered into a written contract as follows:

"Charles Dudley Warner Library of the World's Best Literature.
B     Public Opinion Club.  ·
      91 and 93 Fifth avenue, New York.
Gentlemen:
   Please send me one set of the New Memorial Edition of Library of the World's Best Literature, complete in

forty-six volumes, bound in silk finished cloth, which I agree to accept, and for which I agree to pay you $1.73 per volume, which also includes one year's subscription to "Public Opinion," payable as follows: $5 down and $5 each month thereafter until the full amount is paid, default of which renders the whole amount due. The title to said books does not pass to me until they are paid for in full. I understand that this contract cannot be recalled or canceled and is not affected by any verbal understanding or agreement with your representative. Deliver books as soon as convenient after date 1904.

Representative, Sterling.

Sub. Signature; Mrs. Joseph Rose.

Deliver books at residence.

First payment only may be made to representative, all others to be made in person or by mail to Public Opinion Club or their order.''

The complaint further alleges that appellant shipped to appellee the books mentioned in said contract, sent to her "Public Opinion," and performed all the stipulations of said contract on the part of the appellant, as set forth in said contract; that appellee refused to accept said books, and refuses to pay for the same; that default in any of the payments rendered the whole amount due; that there is due, owing and unpaid on said contract the sum of $79.58. Prayer for judgment for the sum of $79.58. To this complaint appellee filed a demurrer, which was sustained. Appellant failing to plead further, judgment was rendered for appellee.

The error assigned is the ruling of the court upon appellee's demurrer to the complaint. The complaint is an action on an executed contract for money due thereon, and not for damages for breach thereof. The writing exhibited is an order upon the Charles Dudley Warner Library of the World's Best Literature Public Opinion Club for a set of books upon specified terms, binding upon no one unless accepted within a reasonable time. There is no averment that it was ever accepted by the person to whom it was addressed. *Dalmon* v. *Studebaker* (1875), 52 Ind. 286.

The complaint shows that the title in the goods, even after delivery and until full payment therefor, shall remain in the vendor.    It also shows that appellee never received the goods.    Who now has them does not appear, but it is clear that the purchaser has not, and it must be presumed, until the contrary appears, that the seller still has possession.    There is no tender made to appellee of the goods, and no general averment of damages on account of appellee's failure to perform any contract she may have made with appellant, the suit being for money due on contract, and not for a breach thereof:    The seller cannot keep the goods and also recover the contract price therefor.    The most he could ask would be damages for breach of the contract.    *Dwiggins* v. *Clark* (1884), 94 Ind. 49, 48 Am. Rep. 140; *Dalmon* v. *Studebaker, supra; Ridgley* v. *Mooney* (1896), 16 Ind. App. 362; *Indianapolis Canning Co.* v. *Priest* (1896), 16 Ind. App. 445; *Browning* v. *Simons* (1897), 17 Ind. App. 45.    This he does not do.

There was no error in sustaining the demurrer to appellant's complaint.

Judgment affirmed.