NATIONAL IMPORTING COMPANY ET AL. *v.* CALIFORNIA PRUNE AND APRICOT GROWERS, INCORPORATED.

[No. 12,420. Filed April 27, 1926. Rehearing denied July 3, 1926. Transfer denied November 18, 1926.]

1. SALES.—*Remedies of seller on refusal of purchaser to accept goods.*—On the refusal of a purchaser of personal property to receive the same, the vendor has choice of three remedies, viz.: if he has fully executed the contract so as to transfer the title to the purchaser, he may retain or store the property as and for the vendee, and sue for the entire purchase price, or he may sell the property for and as agent of the purchaser, apply the proceeds to his account, and recover the difference between the net proceeds and the contract price, or, regardless of whether the contract has been fully executed by the vendor, he may keep the property as his own, and recover the difference between the contract price and the market price at the time and place of delivery. p. 317.

2. SALES.—*Market value of goods sold, when unnecessary to prove.*—In an action by the vendor of merchandise for breach of the contract by the purchaser in refusing to receive the goods

sold, where the former had done all in his power to execute the contract, and, after notice to the vendee, had sold them in accordance with said notice, and applied the net proceeds to the purchaser's account, proof of the market value at the time and place of delivery was not necessary, the amount of recovery being the difference between the contract price and the net proceeds (*Dill* v. *Murphy*, 19 Ind. App. 609, distinguished). p. 317.

From Hamilton Circuit Court; *Fred E. Hines*, Judge.

Action by the California Prune and Apricot Growers, Incorporated, against the National Importing Company and another. From a judgment for the plaintiff, the defendants appeal. *Affirmed as against the defendant named and reversed as to the other defendant.* By the court in banc.

*John W. Becker* and *Christian & Waltz*, for appellants.

*Raymond L. Walker, Samuel M. Ralston, Edward E. Gates, Moses B. Lairy, Frederick VanNuys, George M. Barnard* and *Julian C. Ralston*, for appellee.

McMAHAN, J.—The National Importing Company, hereafter referred to as appellant, and appellee entered into a written contract by the terms of which appellant purchased from appellee a certain quantity of prunes to be shipped from California to Indianapolis and consigned to the order of the seller. The prunes were shipped and a draft for the purchase price presented to appellant in compliance with the contract. Appellant refusing to pay for or to receive the prunes, they were placed in storage and kept for appellant. Later, appellee gave appellant notice that it would at a certain time and place sell the prunes for the benefit of appellant and hold it responsible for the difference between the contract price and what the prunes brought at such sale. They were sold in accordance with such notice, and this suit is prosecuted to recover the difference be-

tween the contract price and the price brought at the sale, together with expense of the sale.

The facts were found specially, and the court concluded as a matter of law that appellee should recover $943.40, and judgment was rendered accordingly.

Appellant admits the execution of the contract, the shipment of the prunes in accordance with the contract, its refusal and failure to pay for and to accept them. Its contention is that the contract was executory, instead of an executed contract, and that the decision of the court is not sustained by sufficient evidence, because there is no evidence as to the market value of the prunes at the time and place of delivery.

The remedies available to a vendor of personal property, where there has been a breach of the contract by the purchaser are: (1) He may retain or store the property as and for the vendee, and sue such vendee on the contract for the entire purchase price; (2) he may sell the property for and as the agent of the vendee, and apply the proceeds on his (the vendor's) account against the vendee, and recover of the vendee the difference between the contract price and the price obtained on such resale; (3) he may keep the property as his own and recover the difference between the contract price and the market price at the time and place of delivery. *Taylor* v. *Capp* (1918), 68 Ind. App. 593, 121 N. E. 37.

The vendor's right to pursue either of the first two remedies named depends upon whether he has fully executed the contract, in so far as execution by him is possible. If the vendor has done all required of him under the contract, including all things necessary for him to do to place title in the purchaser, he then may avail himself of either the first or second remedy named. In the instant case, appellee performed all the provisions of the contract required of it and did

everything it was called upon to do to place title in appellant. Appellant having breached the contract, appellee sold the prunes as the agent of appellant, applied the proceeds on the account and availing itself of the second remedy indicated, brought this action for the difference between the contract price and the resale price. Under the issues in the instant case, there was no necessity of proving the market price of the prunes. In *Dill* v. *Mumford* (1898), 19 Ind. App. 609, 49 N. E. 861, relied on by appellant, the seller elected the third remedy, and is not in point.

It appears that, through inadvertence, judgment was entered against the National Importing Company, a corporation, and against Demeter S. Meditch, who was president of the importing company. Appellee concedes that the judgment against Meditch should be reversed.

Judgment affirmed as to the first named appellant and reversed as to Demeter S. Meditch.