Shipps v. Atkinson.

Filed Jan. 3, 1894.

———————◆———————

No. 1,070.

## SHIPPS v. ATKINSON.

SPECIAL VERDICT.—*Failure to Find Essential Fact.—Not Aided by Intendment.—Recovery.*—Where a special verdict fails to find any fact essential to support the complaint, the plaintiff must fail. The special verdict can not be aided by intendment.

SAME.—*Recovery.—Omission of Essential Fact.—Money Paid Out and Expended.*—In an action for money paid out and expended, on failure of the vendee to accept a phaeton ordered of plaintiff, the plaintiff can not recover, where the special verdict returned contains no finding as to the amount expended.

SAME.—*Recovery.—Omission of Essential Fact.—Damages.—Vendor and Vendee.*—In such case, where the plaintiff retains the property and sues for damages (the difference between the contract and the market value at date fixed for delivery), the plaintiff can not recover, where the special verdict contains no finding as to such damages.

From the Benton Circuit Court.

*D. Fraser* and *W. Isham*, for appellant.

*J. T. Brown* and *E. G. Hall*, for appellee.

GAVIN, J.—Appellant sued appellee to recover the price of a certain phaeton, which she had procured him to have constructed for her. The construction of the phaeton according to the order and its tender to appellee, together with her refusal to accept and her repudiation of the contract, are alleged in the complaint.

There was a special verdict, upon which the court ren-

dered judgment in appellee's favor. The correctness of this action of the trial court is the only error argued in this court.

A special verdict must contain a finding of the facts, and if any fact essential to support the appellant's complaint is not found, then he must fail. Nothing can be supplied by intendment. A failure to find a fact in favor of a party upon whom the burden rests, is equivalent to finding such fact against him. *Noblesville Gas, etc., Co.* v. *Loehr*, 124 Ind. 79; *Cook* v. *McNaughton*, 128 Ind. 410; *Sult* v. *Warren School Township*, 36 N. E. Rep. 291.

Keeping this rule in mind, we are unable to say that the special verdict was sufficient to authorize a judgment for appellant for more than nominal damages at most.

The verdict, giving it the construction most favorable to appellant as to the making and terms of the contract, shows the contract as alleged in the complaint, the construction of the buggy as ordered, notice from appellant to appellee that it was ready for her, and her wrongful repudiation of the contract and refusal to carry it out. The verdict wholly fails to show that any tender or offer to deliver was made by appellant at the place where, by the contract, it was to be delivered, nor does any excuse for such failure appear, except appellee's repudiation of the contract.

Under such circumstances, the case comes squarely within the rule laid down in *Pittsburgh, etc., R. W. Co.* v. *Heck*, 50 Ind. 303, which was, in *Dwiggins* v. *Clark*, 94 Ind. 49, approved and applied to facts in principle, not distinguishable from those found in this case: "It is conceived that in all cases of contracts for the sale of personal property, where it has any market value, the vendor, before he can recover of the vendee, * * must have delivered the property to the vendee, or have done such acts as vested the title in the vendee, or would have

vested the title in him, if he had consented to accept it; for the law will not tolerate the palpable injustice of permitting the vendor to hold the property, and also to recover the price of it." *Indianapolis, etc., R. W. Co.* v. *Maguire*, 62 Ind. 140; *Fell* v. *Muller*, 78 Ind. 507; *Ganson* v. *Madigan*, 13 Wis. 67; *Neal* v. *Shewalter*, 5 Ind. App. 147, 31 N. E. Rep. 851.

In *Dwiggins* v. *Clark, supra,* there was a contract for the manufacture of a monument with certain letters and mottoes upon it, to be delivered at Waynetown, Ind. The monument was completed according to contract, and ready for delivery, and the purchaser notified thereof, but she refused to receive it. The court holds that under such circumstances no action can be maintained for the contract price.

A repudiation of the contract by the purchaser relieves the seller from further compliance with the contract on his part so far as to enable him to maintain an action for damages for the breach of the contract, but in order to sustain an action for the contract price as upon an executed contract, he must, upon his part, comply entirely with the contract.

The appellant seeks to give to his complaint a triune character. First, he insists upon his right to recover the contract price as upon an executed contract. If that fails, he next urges that he should recover the damages suffered by reason of appellee's failure to accept the phaeton; and, lastly, he counts upon it as a complaint to recover money laid out and expended at appellee's instance and request.

We will not stop to consider whether or not the rules of pleading permit us to view the complaint as such a multiform creation,—*Chicago, etc., R. W. Co.* v. *Burger*, 124 Ind. 275; *Thomas* v. *Dale*, 86 Ind. 435,—but will

briefly consider whether or not the latter positions taken by counsel are supported by the special verdict.

By the case of *Dwiggins* v. *Clark*, *supra*, it is established that the measure of damages, upon a breach of the contract, where the vendor retains the property as his own, is the difference between the contract price of the article and its market value at the time and place fixed for its delivery.

In *Pittsburgh, etc., R. W. Co.* v. *Heck*, *supra*, the rule laid down in Chitty on Cont., 11 Am. Ed. 1331, is quoted and approved: "In an action for not accepting goods, the measure of damages is the difference between the contract price and the market price, on the day when the vendee ought to have accepted the goods." Numerous cases are there cited to sustain the position taken.

To the same effect also is Benjamin on Sales, sections 1117, 1118.

In Tiedeman on Sales, section 333, it is stated that in such actions as we are now considering the measure of damages is the "difference between the contract price and the market value of the goods at the time of delivery."

This being the law, it is essential that the special verdict should show the value of the property at the time and place of delivery, else it will be impossible for the amount to be ascertained. In this verdict, such value is not shown. There is, therefore, no basis furnished by the verdict upon which the damages may be calculated. The value of the property at some time subsequent to the time of delivery will not supply the defect.

We can not say, as a matter of law, that the value remained unchanged.

In *Fell* v. *Muller*, 78 Ind. 507, the complaint was held bad because it did not show the difference between the

contract price and the market price at the time and place of delivery, there being no general allegation of damages suffered.

Neither is the verdict sufficient to sustain the claim for money paid out and expended, because there is no finding as to the amount expended by appellant.

It is clear that the verdict was insufficient to authorize a judgment for appellant for either the $120 or the $20, as asked by him.

If it be conceded that he was entitled to nominal damages, the refusal to award them is not reversible error. *Wimberg* v. *Schwegeman,* 97 Ind. 528.

Judgment affirmed.

Filed Jan. 31, 1894.