THE PUSEY and JONES COMPANY, a corporation of the State of Delaware, *vs.* ARTHUR P. DODGE.

*Assumpsit—Book Account—Special Contract—Common Counts— Pleading—Executory Contract—Vesting of Property— Acceptance—Delivery.*

1. Where a special contract for the sale and delivery of goods has been fully performed on the part of the seller, and nothing remains to be done by him, and the contract price is due and unpaid, he may sue for the price of the goods, either upon the special contract, or upon the common count for goods sold and delivered. (See *Hurlock vs. Murphy et. al., 2 Houst., 556*).

2. When the property in the goods has passed by sale to the buyer, but there has been no actual delivery to him, the plaintiff may recover the price under a count for goods bargained and sold.

3. After a contract has been made for the sale of goods, in the absence of any agreement to the contrary, the vendor is entitled to retain possession of the goods until the price is paid. On the other hand the buyer is not bound to pay or tender the price until the goods are ready for delivery to him unless there is an agreement to the contrary.

4. When a contract is entered into for an article not then in existence, but afterwards to be made, it does not become the property of the vendee until it is completed and delivered to him, or is ready to be delivered to him, unless it is otherwise agreed upon by the parties.

5. Under such circumstances, in the absence |of a contrary agreement, the seller cannot maintain an action for the price until the article is completed, nor then until the purchaser has notice or knowledge|that it is completed and ready for delivery; and without such notice to, or knowledge by, the vendee he is not bound to pay or tender the price.

(*December 18, 1900.*)

LORE, C. J., and SPRUANCE and GRUBB, J. J., sitting.

*Benjamin Nields* for plaintiff.

*George Lodge* for defendant.

Superior Court, New Castle County, November Term, 1900.

ACTION OF ASSUMPIT on a book account. Bill of particulars filed. The narr contained counts for goods, wares and merchandise by plaintiff to defendant sold and delivered; for work and labor by the plaintiff done and performed in the business of defendant; for money advanced, paid and expended for the use of defendant; for money had and received by defendant for the use of plaintiff; also an account stated. The plaintiff claimed $731.49 with interest from October 1, 1898 to October 18, 1900, for repairing and adding certain improvements to a motor car owned by the defendant.

The pleas were non assumpsit and payment.

SPRUANCE, J., charging the jury:

Gentlemen of the jury:—We do not think it necessary to charge you except as to the questions of law in respect to which 'our instructions have been asked.

We are requested by the defendant's counsel to charge you, that the plaintiff can not recover in this action for the items charged in his bill of particulars under date of July 21, viz.: 1 vertical boiler with tubes, safety valve, blow cock, &c. and 1 tank $335, because the evidence is that these articles were furnished by the plaintiff to the defendant under a special contract at the stipulated price of $335 and that to entitle the plaintiff to recover he should have sued upon this special contract, and not, as he has done, upon the common counts for goods sold and delivered, etc.

We can not so charge.

The rule is, that where a special contract for the sale and delivery of goods has been fully performed on the part of the seller, and nothing remains to be done by him, and the contract price is due and unpaid, he may sue for the price of the goods, either upon the special contract, or upon the common count for goods sold and delivered.

The law upon this subject is clearly stated by the Court in *Hurlock vs. Murphy, et. al., 2 Houst., 556,* as follows:

"The rules of law on the subject are that so long as the special

contract continues executory, the plaintiff must declare specially; but when it has been performed and executed on his part, and nothing remains to be done but the payment of the price in money by the defendant, which is nothing more than the law would imply against him, the plaintiff may declare generally, or in the common counts upon the implied promise, or he may declare specially on the original contract and express promise, at his election. If the mode of payment was to be any other than in money, the count must be on the special or original contract. And if it was to be in money, and a term of credit was allowed, the action, though on the common counts, must not be brought until the term of credit has expired. This election to sue upon the common counts, where there is a special agreement, applies only to cases where the contract has been fully performed by the plaintiff."

We therefore instruct you, that if you are satisfied from the evidence, that these articles were furnished by the plaintiff to the defendant under a special contract—at the stipulated price of $335—and that the plaintiff has fully performed and executed its part of the contract, and that the contract price is due and unpaid, the plaintiff is entitled to recover said price under the common count for goods sold and delivered contained in his declaration.

The defendant's counsel also requests us to charge you that the plaintiff is not entitled to recover for the item charged in his bill of particulars under date of September 26, viz., for one controller for motor car, $275, because there is evidence that this article was not delivered to the defendant, and no evidence to the contrary; and because there is no evidence that the defendant agreed to pay for it before delivery.

When the property in the goods has passed by sale to the buyer, but there has been no actual delivery to him, the plaintiff may recover the price under a count for goods bargained and sold. *2 Ency. Pleading and Practice, 1007.*

After a contract has been made for the sale of goods, in the

absence of any agreement to the contrary, the vendor is entitled to , retain possession of the goods until the price is paid.

*Barr vs. Logan, 5 Harr., 52.*

On the other hand the buyer is not bound to pay or tender the price until the goods are ready for delivery to him, unless there is an agreement to the contrary.

When a contract is entered into for an article not then in existence, but afterwards to be made, it does not become the property of the vendee until it is completed and delivered to him, or is ready to be delivered to him, unless it is otherwise agreed upon by the parties.

*Green vs. Hall, 1 Houst., 513.*

Same case in Court of Errors and Appeals, *1 Houst., 546.*

Under such circumstances, in the absence of a contrary agreement, the seller can not maintain an action for the price until the article is completed, nor then until the purchaser has notice or knowledge that it is completed and ready for delivery—and without such notice to, or knowledge by the vendee he is not bound to pay or tender the price.

The rules of law upon this subject are fully stated in *1 Chitty on Contracts, 347:*

" If there has been no delivery of the goods, even the count for goods *bargained and sold* (not showing a delivery) cannot be maintained, unless it appear that there has been a complete sale, and the *property* in the goods has become *vested* in the defendant by virtue of such sale, and an actual *acceptance.* of the commodity by the defendant. The property is not vested in the defendant if the goods, being part of a larger quantity are not separated therefrom, and something remains to be done to distinguish them and ascertain their quantity, or number, or the amount of the price. This rule has been already considered. Nor is the property in goods vested in the defendant so as to render the common count for goods bargained and sold sufficient, unless the article has been finished, and specifically appropriated and set apart for the pur-

chaser, and he has assented thereto. In these cases the declaration should be framed specially on a contract for not accepting the goods, or for refusing to complete the bargain; and in general, where the contract is not substantially for the sale of goods, but is rather for work and materials, the value even of the latter is not recoverable upon a count for goods sold."

It is your duty to determine from the evidence the facts proved, and to apply to the facts so found by you the rules of law delivered to you by the Court.

Verdict for plaintiff for $829.99