W. F. GIGRAY, Appellee, v. W. D. MUMPER, Appellant.

**Conditional sale:** FORFEITURE: WAIVER: EQUITABLE JURISDICTION. Although a contract for the sale of personal property reserving title in the seller until the purchase price was fully paid, authorized a forfeiture in case of default in payment, such right of forfeiture was not the exclusive remedy, but could be waived, and a suit in equity brought to enforce the claim as a lien against the property: as where there was a dispute as to the balance due and the seller waived his right to forfeit the contract, asked to have amount due ascertained and that he retain his lien on the property therefor, his cause was triable in equity and a motion to transfer to the law docket was properly overruled.

*Appeal from Clarke District Court.*—HON. H. K. EVANS, Judge.

TUESDAY, NOVEMBER 24, 1908.

Rehearing Denied Saturday, February 20, 1909.

This is a suit in equity to recover the balance of purchase price of an undivided one-half of certain personal property, and to foreclose a conditional contract of sale thereof. The prayer of the petition is that plaintiff have judgment and decree for the balance due, and that the same be decreed a lien on the property described in the contract, and that a special execution issue thereon. Defendant moved to transfer the cause to the law side of the docket. The motion was overruled, and the defendant declined to plead further. Decree was entered for plaintiff for $60 and making the same a lien upon the property, and ordering special execution. Defendant appeals.—*Affirmed.*

*O. M. Slaymaker,* for appellant.

No appearance for appellee. .

Evans, J.—The plaintiff sold to the defendant his undivided one-half interest in a certain stock of plumbing tools and materials for the consideration of $200. Of this consideration $25 was to be paid in cash and $10 per month thereafter. The contract of sale reserved to the seller the title to the property until the consideration should be fully paid. The plaintiff claimed that the defendant had made payments to the amount of $85, and no more, and that there was a balance due of $115. The plaintiff averred, however, that the defendant claimed to have paid more and that a less sum was due than claimed by plaintiff, and plaintiff prayed for an adjudication of the question in dispute.

The argument of the appellant is that the plaintiff was entitled to maintain an action at law for the alleged balance of the purchase price, and that, whenever he elected

to bring such action, he waived his title to the property, and that he could enforce no lien thereon. The position is not well taken. It should be noted that the contract imposed a personal liability upon the defendant to pay the full purchase price. Although the contract therefor on its face reserved the title to the property to the seller until it was fully paid for, and gave to the seller a right to declare a forfeiture upon default of payment, such remedy was not exclusive. It is also true that a court of equity has power under some circumstances to declare such a contract a mere security, and to protect the purchaser from unconscionable forfeiture. In this case a large part of the purchase price had been confessedly paid. A dispute existed as to how much balance remained unpaid. The plaintiff waived his right to declare a forfeiture, but asked that he retain his security for the payment of such balance as should be found to be due. We think his petition stated a cause of action that entitled him to a hearing on the equity side of the court, and the motion to transfer was properly overruled. Whether the refusal of the court to transfer the case to the law side of the docket did preclude the defendant from denying the equity of the bill by his answer, or from claiming therein his right of trial to a jury we need not determine. The defendant did not plead. He stood upon his motion to transfer. For the purpose of that motion the allegations of the petition and the prayer for relief were conclusive upon the court. There was no error in the ruling and the decree is *affirmed.*