## DAVID v. McRAE et al.

(Circuit Court, W. D. Washington, N. D.    December 28, 1910.)

No. 1,794.

**1. EQUITY (§ 117*)—PARTIES—DISMISSAL AS TO PART OF DEFENDANTS—OBJECTION—WAIVER.**

Equity rule 51 declares that where plaintiff has a joint and several demand against several persons, either as principals or sureties, it shall not be necessary to bring before the court as parties to a suit concerning such demand all the persons liable thereon, but plaintiff may proceed against one or more of the persons severally liable. Rule 52 declares that, where a defendant by his answer shall suggest that the bill is defective for want of parties, plaintiff may set down the cause for argument on the objection only, but, if he does not do so, he shall not at the hearing of the cause, if defendant's objections then be allowed, be entitled as of course to an amendment by adding parties, but the court in its discretion may dismiss the bill. ·Held, that where a plaintiff under rule 51 might have brought a suit against less than all of the parties jointly and severally liable, in which case the parties joined might have suggested by answer the lack of indispensable parties, as provided by rule 52, they could also have done so after plaintiff's dismissal as against one of the defendants without prejudice by a plea or supplemental answer, and, having failed to so raise the objection, the court was authorized by rule 53 to render a decree against the remaining defendants, saving the rights of those against whom the suit was dismissed.

[Ed. Note.—For other cases, see ·Equity, Cent. Dig. §§ 287–289; Dec. Dig. § 117.*]

**2. EQUITY (§ 423*)—DECREE—NATURE OF RELIEF.**

A court of equity in granting relief is not restricted to the label which complainant has adopted for his pleading, nor by the phraseology of his prayer, but may render such a decree as the facts warrant, and hence, in a suit to enforce an alleged lien on stock deposited in escrow under an executory contract of sale for an unpaid portion of the price, the court properly entered a decree for specific performance of the contract, though complainant had no lien.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 1001, 1005, 1006; Dec. Dig. § 423.*]

**3. SPECIFIC PERFORMANCE (§ 5*)—INADEQUACY OF REMEDY AT LAW—EXECUTORY CONTRACTS—SALE OF CORPORATE STOCK.**

A contract for the sale of certain corporate stock by complainant to defendants provided that in consideration of $1 complainant had sold the stock to defendants at the price of $75 a share, payment to be made in certain installments, and complainant to deposit the stock in some bank on or before a specified date, the bank to hold the stock and on payment of the price as provided surrender one share on the payment of each $75. Held, that such contract did not operate as a sale in præsenti, but was instead an executory contract of sale, and that since complainant, having deposited the stock in escrow, was no longer in a position to tender a delivery of the stock on demanding payment of the balance of the price, he had no legal adequate remedy for defendants' failure to per-

form, and was therefore entitled to maintain a bill for specific performance.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. § 5; Dec. Dig. § 5.*

Right to specific performance as affected by adequacy of remedy at law, see note to Marthinson v. King, 82 C. C. A. 368.]

In Equity. Suit by Lester W. David against A. D. McRae and others for specific performance of an executory contract for the purchase of certain corporate stock pursuant to which the stock was delivered in escrow by complainant in fulfillment of the contract. Decree for complainant.

Kerr & McCord, for complainant.
Chas. F. Munday, for defendants.

HANFORD, District Judge. This suit is founded upon a written contract of the following tenor:

"This memorandum of sale made this first day of February, 1908, by and between Lester W. David of the town of Blaine, state of Washington, hereinafter known as the first party, Edward F. Swift of the city of Chicago, state of Illinois, Andrew D. Davidson of the city of Toronto, province of Ontario, Dominion of Canada, Alexander D. McRae of the city of Winnipeg, province of Manitoba, Dominion of Canada, and Peter Jansen of the town of Jansen, state of Nebraska, hereinafter known as the second party, witness that:

"In consideration of one dollar paid in hand, that party of the first part has this day sold to second party three thousand one hundred and eighty-five (3,185) shares of the present capital stock of the Fraser Sawmills, Ltd., Corporation, at the price of $75.00, seventy-five dollars, per share, payments of same to be made in the following manner:

| | |
|---|---:|
| March 15th, 1908 | $ 25,000 00 |
| April 1st, 1908 | 25,000 00 |
| April 15th, 1908 | 13,875 00 |
| May 15th, 1908 | 25,000 00 |
| June 15th, 1908 | 12,500 00 |
| Nov. 1st, 1908 | 25,000 00 |
| Dec. 1st, 1908 | 25,000 00 |
| Jany. 1st, 1909 | 25,000 00 |
| Feby. 1st, 1909 | 25,000 00 |
| March 1st, 1909 | 25,000 00 |
| April 1st, 1909 | 12,500 00 |
| | $238,875 00 |

"These payments to draw interest at rate of 6½ per cent. from date.

"First party is to deposit with the Bank of Montreal at New Westminster, B. C., or any chartered bank of Canada or any National Bank of Seattle or San Francisco, this total number of three thousand one hundred and eighty-five shares (3,185 shares) of stock, properly indorsed, on or before March 10th, 1908, with said bank, and said bank to hold stock and upon payment to said bank by second party of payments above referred to, said bank is to surrender and deliver to second party, one share of said stock of the par value of $100, upon payment of each $75.00 to it by second party.

"In witness whereof parties hereto have hereunto set their hands and seal the day and year above written.                    Lester W. David.
"A. D. McRae.
"Peter Jansen.
"Edward F. Swift.
"A. D. Davidson."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In a memorandum decision after the original submission of this cause, it was held that the case was not within the jurisdiction of the court for the reason that, as the record was then made, the requisite diversity of citizenship was not apparent, the defendant Davidson being a citizen of the United States residing in Canada, and the court expressed the opinion, tentatively, that Davidson is an indispensable party. Afterwards, on motion of the complainant's solicitor, the case was dismissed as to Davidson without prejudice, and without other pleadings the case has been again submitted for final determination. The remaining defendants by argument, however, contest the jurisdiction of the court on the ground that there is now a defect of parties. In accordance with the fifty-first equity rule, the complainant might have brought his suit against the other parties to the contract without joining Davidson as a defendant, and, if that had been done, those joined as parties defendant might by their answer have suggested a lack of an indispensable party as provided in the fifty-second equity rule, and it is the opinion of the court that the same thing might have been done by a special plea or supplemental answer, after the court had granted the complainant's motion to dismiss the case as to·Davidson. The remaining defendants having failed to raise the question in the manner provided by the fifty-second rule, the court is authorized by the fifty-third rule to render a decree against them saving the rights of Davidson.

The bill of complaint avers that, in fulfillment of the contract, the plaintiff deposited the stock which is the subject of the contract in escrow with the National Bank of Commerce of Seattle, to be delivered absolutely to the defendants upon the payment of the purchase price stipulated for, that 1834 shares of the stock remains in said bank, and there is due on account of the purchase price a balance of $137,500, with interest. The prayer of the complaint is for a judgment against the defendants for the unpaid residue of the purchase price with interest and costs, and for the foreclosure of an alleged vendor's lien upon the stock.

There is no controversy as to the facts—the complainant has fully complied with all the requirements of the contract on his part, and the money which the defendants agreed to pay for the stock is due to him. In defense it is insisted that the stock is not subject to any lien because no lien has been created by any method recognized by law. No satisfactory answer has been made to this contention; but it does not follow as a necessary consequence that the suit must fail. The court is not restricted in granting equitable relief by the label which the complainant adopts for his pleading, nor by the phraseology of his prayer, but may render a decree for the kind of relief appropriate to the facts alleged and proved. In this case appropriate relief is within the power of the court to grant. The complainant is entitled to have a decree in his favor, for the specific performance of the contract, which will be accomplished by exactly the same procedure as in the foreclosure of a vendor's lien. It will be decreed that the defendants pay the complainant the amount due, and that a special execution is-

sue to be levied upon the stock in escrow, which will be sold and the proceeds of the sale applied in payment.

In the argument there has been no discussion respecting the power of a court of equity to decree specific performance of an executory contract for the sale of personal property. My own researches, however, have led me to the conclusion that the jurisdiction of the court is ample. I am obliged to differ from counsel on both sides as to the legal effect of the contract. Both rest their arguments upon a theory that the written contract is not an executory contract for the future sale of the stock, but is evidence of a sale in præsenti. It is the opinion of the court that the writing does prove an actual sale, to be consummated, however, by the absolute delivery of the stock certificates at the time of payment of the purchase price. Therefore the title did not pass by the execution of the written contract, but remained to be transferred in the way that stock is usually transferred from one proprietor to another. Until payment of the purchase price, the defendants could not sell the stock, nor could their creditors take it in execution for their debts so as to defeat the intention expressed in the contract that it should remain in escrow until paid for. With the stock held by the bank in escrow, the complainant could not, in an action for the purchase price, truthfully allege a sale and delivery of the stock, nor could he withdraw the stock for the purpose of making a tender. Being in this situation, the complainant has a right to insist upon payment of the amount of money which has become due according to the terms of the contract, and yet he is without an adequate legal remedy for the deprivation of his right by the withholding of the purchase money. The inadequacy of legal remedies justifies the exertion of the powers of a court of equity and is the basis of equity jurisdiction in all cases. Pomeroy on Specific Performance of Contracts, §§ 17, 19; 26 Am. & Eng. Enc. of Law (2d Ed.) 103; Express Co. v. Railroad Co., 99 U. S. 200, 25 L. Ed. 319.

By the uncontradicted averments of the bill of complaint, it appears that 1,834 shares of the stock remains on deposit in escrow represented by a number of certificates, each for a specified number of shares, and, in order to save the rights of Davidson, an equitable division will be made exempting from the decree to be entered the following certificates: Certificate No. 102 for 310 shares, certificate No. 118 for 32 shares, certificate No. 180 for 20 shares, certificate No. 206 for 85 shares, making an aggregate of 447 shares.

In making this division the court presumes from the wording of the contract that the four purchasers acquired equal rights.

In accordance with this opinion, a decree will be entered against the defendants and each of them for the balance of $137,500, with interest as specified in the contract, and for costs, and that a special execution be issued to be levied upon the stock on deposit, excepting the shares represented by the certificates above specified, and from the proceeds of sale a sum equal to the value of 1½ shares at the highest sum bid for any shares be deposited in escrow with the above-specified certificates, to be disposed of finally when the rights of Davidson shall have been adjusted.