## S. H. PATE, Appellant, v. T. H. RALSTON.

Sales: BREACH: REMEDIES: ACTION FOR PRICE: CONDITION PRECEDENT. Where the purchaser of goods has repudiated his completed contract the seller may select either of three remedies; he may hold the property for the vendee and sue for the price, or he may keep it as his own and sue for the difference between the market. value and the contract price, or he may sell the property for the highest price he can obtain and sue for the balance of the purchase price. Where he elects to rely upon the contract and sue for the purchase price he must fully perform on his part, and failure to set apart the goods for the purchaser, or to deliver or tender the same, will defeat recovery; and the necessity of performance in this respect is not obviated by a notice from the purchaser that he would not accept the goods, and that shipment would be at the seller's risk.

*Appeal from Woodbury District Court.*—HON. DAVID MOULD, Judge.

### WEDNESDAY, FEBRUARY 12, 1913.

ACTION for the purchase price of fruit, shrubs, and trees resulted in a verdict being directed for defendant and judgment entered thereon. The plaintiff appeals.—*Affirmed.*

*S. D. Riniker* and *J. W. Hallam,* for appellant.

*Herman Walling* and *T. F. Griffin,* for appellee.

LADD, J.    The defendant, at the solicitation of one Shearer, an agent of plaintiff, purchased fruit shrubs and trees.  The order therefor read: ''No. 49. December 6, 1909. I, Thomas H. Ralston, have this day bought of Saddler Bros. Nurseries, Bloomington, Ill., the following bill of trees, etc., to be forwarded in the spring of 1910, which I agree to pay for in cash, value received, when they arrive at Anthon, Iowa. (Here follows list.)   Total amount of my order is $2,215.00. I will not countermand this order.  The articles are to be delivered in good condition.  [Signed] T. H. Ralston.  P. O. Anthon, Iowa, R. R. No. 1, Residence 1½ N. W.  J. C. Shearer, Canvasser.''  The defendant wrote plaintiff February 15, 1910: ''I withdraw the order for trees, etc., given December 6th, 1909.''  To this plaintiffs responded two days later: ''Kindly read copy of your contract for nursery stock and you will note that the contracts read that you will not countermand the order, therefore your trees will be shipped in proper time for planting, next spring.''  The defendant, on February 19, 1910, answered: ''I decline to receive the trees, and, if you ship them, you will do so at your own risk.''  A member of plaintiff's firm testified on cross-examination that ''the stock was taken from the ground somewhere between the 10th or 15th of December.  We sold no other stock of that grade that year except some pear trees, but sold a great deal of other stock, and put it away until the next season whether we have orders for it or not.''  In the spring following the goods were shipped from Bloomington, Ill., into Iowa, but there was no showing that these ever reached Anthon or were ever delivered or tendered to the defendant.  The same witness testified that plaintiff ''always stood ready to deliver the goods called for by the order  . . .  to do so at any time in the shipping season.''  The state of facts as thus recited was held not to

entitle plaintiff to the recovery of the purchase price, and, as no evidence of market value was adduced as a basis for the measure of damages recoverable on a breach of the contract, verdict was directed to be returned for the defendant.

I.   As the order for the fruit trees and shrubs had been accepted, the contract was complete long before the letters were sent to plaintiff, undertaking to repudiate the order. Ordinarily in these circumstances any of three remedies is available to the vendor: (1)   He may retain the property for the vendee and recover the purchase price; or, (2) keep it as his own and sue for the difference between the market value and the contract price; or (3) he may sell the property for the highest price he can get and recover the balance of the purchase price.   *Hamilton v. Finnegan,* 117 Iowa, 623. It does not appear that plaintiff sold the property, and, as no evidence of market value was adduced, it is evident that neither of the methods last mentioned was contemplated. The remedy first named then must have been relied on, and it has been repeatedly recognized as available in this state.   *McAlister v. Safley,* 65 Iowa, 719; *McCormick v. Market,* 107 Iowa, 340.

In order to recover the purchase price; however, everything required of the vendor to pass title must have been performed.   *Moline Scale Co. v. Beed,* 52 Iowa, 307.   As said by Cole, J., in *McClung v. Kelley,* 21 Iowa, 508: ''No sale is complete so as to vest in the vendee an immediate right of property so long as anything remains to be done between the buyer and seller in relation to the thing sold.'' *Snyder v. Tibbals,* 32 Iowa, 447; *Augustine v. McDowell,* 120 Iowa, 401. The theory on which recovery of the purchase price is allowed notwithstanding the vendee's repudiation of the contract is that by performance on his part the vendor has vested title in the vendee; possession being retained by the vendor for him, and for this reason the latter is entitled to the purchase price. *Oklahoma Vinegar Co. v. Carter,* 116 Ga. 140, (42 S. E. 378, 59 L. R. A. 122, 94 Am. St. Rep. 112) ; *Unexcelled Fireworks*

*Co. v. Polites,* 130 Pa. 536, (18 Atl. 1058, 17 Am. St. Rep. 788); *Ganson v. Madigan,* 13 Wis. 67; *Pusey v. Dodge,* 3 Pennewill (Del.) 63, (49 Atl. 248); 35 Cyc. 5311; 24 Am. & Eng. Ency. of Law (2d Ed.) 1118. ''In all cases of contracts for the sale of personal property, where it has any market value, the vendor, before he can recover of the vendee, must have delivered the property to the vendee, or have done such acts as vested title in the vendee, or would have vested the title in him if he had consented to accept it, for the law will not tolerate the palpable injustice of permitting the vendor to hold the property, and also to recover the price of it.'' *Shipps v. Atkinson,* 8 Ind. App. 505, (36 N. E. 375); *Dwiggins v. Clark,* 94 Ind. 49, (48 Am. Rep. 140). To permit the vendor to retain title and recover the purchase price would be intolerable, but this is precisely the situation of plaintiff. The fruit trees and shrubs had not been set apart for defendant as had the butter for the vendee in *Mitchell v. Le Clair,* 165 Mass. 308, (43 N. E. 117). Nor had delivery been effected or even tendered.

That defendant in countermanding the order said he declined to receive the trees and that shipping would be at plaintiff's risk would not obviate the necessity of delivery at the time stipulated if plaintiff insisted on performance of the contract. Of course, the rule would be otherwise were the countermand treated as a breach of the agreement and recovery of damages only sought. *Roehm v. Horst,* 178 U. S. 1, (20 Sup. Ct. 780, 44 L. Ed. 953). But in electing to stand on the contract, instead of treating it as breached, he undertook to perform the terms exacted of the seller, and these were not to be performed until spring, and not until performed was defendant required to pay the purchase price. In other words, nothing was then done to pass title to the buyer, and, in the absence of any proof of delivery as stipulated, or tender or waiver thereof, the seller was not entitled to recover the purchase price. *Williams* v. *Triplett,* 3 Iowa, 518, and *McCor-*

*mick Harvesting Machine Co. v. Markert*, 107 Iowa, 340, are not inconsistent herewith.

The court rightly directed a verdict for defendant, and the judgment is *Affirmed*.