FARAD Co. v. BUCKALEW.

(Division B. Oct. 28, 1929.)

[124 So. 333. No. 28080.]

H. F. Case, of Quitman, for appellant.

**L. J. Broadway** and **W. F. Latham**, both of Quitman, for appellee.

**Griffith, J.**, delivered the opinion of the court.

This suit was instituted by appellant in the court of a justice of the peace and was founded on a written contract between the parties. The affidavit by appellant, which served as the initial "written statement of the cause of action," referred to the said written contract as an exhibit and by other appropriate recitals the said contract was made a part of, and a copy of the contract was actually attached to, the affidavit, all as contemplated by section 2730, Code 1906 (section 2384, Hemingway's Code 1927).

The appellee did not by sworn plea deny the execution by him of said written instrument, as required by section 1974, Code 1906 (section 1706, Hemingway's Code 1927),

Nevertheless he was permitted, over the objection of plaintiff, to testify as a witness in his own behalf that he had never signed or executed said written contract upon which the suit was founded and which was made a part of the initial statement of the cause of action as aforementioned. The section last cited applies to cases instituted in justice courts, as well as in other courts, Mc-Bride v. Kilgore, 55 Miss. 242, and it was plain error to admit the said testimony.

The contract was for the purchase by appellee of a radio outfit, part of which was paid cash, the balance to be paid C. O. D. The contract contained an express stipulation against countermand. When the property was received at the express office, the express agent notified the purchaser, appellee, of its arrival, but appellee neglected to receive the shipment or to pay the charges, whereupon, under the rules governing C. O. D. express shipments, the express company, after the expiration of thirty days, returned the property to the shipper.

It is now argued by appellee that, since the express company had returned the property, the subject of the contract, to the shipper, that is to say, to the seller, appellant here, the presumption arises that the seller had received the goods back, and that this would work a rescission of the contract, so that there would remain no right of action upon it. This argument is, in effect and in brief, that by resort to a presumption appellee could discharge himself of the obligations of his contract simply by neglecting to perform it.

Presumptions of fact are founded upon the logic of strong probabilities. Since in almost all cases when goods are shipped by a responsible common carrier they reach the consignee, there is a presumption to that effect in a particular case; there being no evidence to the contrary. And if we might here pass over the general rule that one presumption cannot be based upon another

presumption, and still following the logic of probabilities, we could say that, where the consignee is under a duty to accept the shipment, or where it is to his advantage to do so, no illegality or immorality being involved, there is the further presumption that the consignee not only received but also accepted, this still would not aid the appellee here, for the presumption must cease in any event at the point where the probabilities cease, and, since it is not probable that a consignee, being under no duty, will accept what is to his legal disadvantage to accept, there is then no presumption, in a case like this, of an acceptance upon the return of the shipment. The presumption which appellee invokes does not extend to the point which necessarily must be reached in order to permit him to prevail, in this case, upon the record as it now stands.

Reversed and remanded.