JACKSON *v.* MILES F. BIXLER COMPANY.

(Division B. March 31, 1930.)

[127 So. 270. No. 28511.]

Gore & Gore, of Marks, for appellant.

W. M. **Donaldson**, of Marks, for appellee.

Argued orally by **W. E. Gore**, for appellant.

**Griffith, J.,** delivered the opinion of the court.

Appellant purchased certain merchandise from appellee under an order of purchase which expressly stipulated against countermand. The goods were shipped in due time; were received by appellant; and were placed on display for sale in appellant's retail store. After a time, but how long does not definitely appear, appellant crated the goods and shipped them back to appellee. No notice was given appellee that the goods were being returned, and no reason whatever was given appellee or is shown in the record for their return, and nothing is shown **as to what became of the goods,** other than an express

receipt to the effect that the express company had delivered the return shipment to appellee.

The contract on appellee's part had been fully performed, and delivery had been made. No claim is suggested that the goods were not what was ordered in quantity, quality, and price. The title to the goods had fully passed to appellant, and when he returned them to appellee, there being no notice of it and no sort of excuse therefor, the return was as if to an entire stranger to the transaction. There is no syllable of evidence that appellee consented to the return or has in any other manner given any consent to alter the executed contract. Appellant stands simply on the bare facts that he has returned the merchandise, and that the express receipt shows their delivery back to appellee.

The authorities seem to be in substantial agreement on the general rule that, where a contract for the sale of goods has been fully performed by the seller, has been so completely executed that the title has fully passed to the buyer, the seller is entitled to recover the purchase price under his contract, although, because of the wrongful refusal of the buyer to accept the goods, they may be still in the physical possession of the seller. See the annotations to Pate v. Ralston, 158 Iowa, 411, 139 N. W. 906, in 51 L. R. A. (N. S.) at pp. 736, 737. The facts of this case bring it clearly within the principle of the rule as thus stated. See, also, Farad Co. v. Buckalew (Miss.), 124 So. 333; Continental Co. v. Braddock, 103 Miss. 248, 60 So. 212.

The contentions of appellant are that, when the merchandise was returned to appellee, it had three remedies: First, to promptly ship the goods back to appellant and stand on the contract price; or, second, to retain the goods as its own and sue for the difference between the contract price and the market value at the place of business of appellant; or, third, to sell the property after notice to appellant at the best market price at or near the place of business of appellant and sue for the difference —that appellee cannot simply retain the goods without

complaint, or without notice that same are held for the account of appellant, and sue for the purchase price. It is true that the alternatives stated do apply to most cases that come within this general subject; but looking to the particular facts in this case, we fail to see any basis of right whatever for the casting of these burdens upon appellee who has fully performed its part of the contract, or that the trouble and expense of such requirements shall be incurred in behalf of an appellant who not only has broken his contract without any sort of valid excuse or any pretense thereof, but who has thrown the goods back on appellee without a word of notice that he was doing so, or for what reason or account. The course of conduct on the part of appellant, being one wholly in wrong, precludes him from prescribing any burdensome obligations as due him from the other party who, so far as this record shows, is entirely innocent in the transaction. In such a case as this we approve the language of the court in National Co. v. Hill, 136 N. C. 272, 48 S. E. 637, as found in 63 L. R. A. at page 106. Since appellant has taken not the slightest regard of the rights of appellee, and thus has on his part ex aequo et bono but the poorest standing before the court, we shall hold appellee on its part only to the minimum of those obligations which the law requires in such cases, namely, that appellee shall hold the goods simply as a gratuitous bailee and with no more notice to appellant than appellant gave to appellee when the goods were returned; and that no presumption will be raised or will be indulged other than that this course of holding, as such bailee, has been pursued by appellee.

Affirmed.