Kurth and others, Respondents, vs. Hauser and another, Appellants.

*October 7—November 5, 1952.*

*Walter J. Steininger* and *Benjamin S. True,* both of Milwaukee, for the appellants.

For the respondents there was a brief by *von Briesen & von Briesen,* attorneys, and *Ralph M. Hoyt* of counsel, and oral argument by *Mr. Hoyt* and *Mr. George F. Redmond,* all of Milwaukee.

GEHL, J. Defendants contend, first, that since the contract is for the sale of personal property, plaintiffs are not entitled to specific performance. It is true that ordinarily a party will not be compelled to specifically perform a contract for the sale of shares of corporate stock. There are exceptions to the rule, however. If the shares cannot be readily secured in the market specific performance is allowed. 3 Williston, Sales (rev. ed.), p. 329, sec. 602. See also notes, 22 A. L. R. 1041, 130 A. L. R. 926.

In *Avery v. Ryan,* 74 Wis. 591, 43 N. W. 317, the court refused to compel specific performance of a contract to issue to plaintiff shares of stock of a corporation to be organized. The court was careful to point out, however, that the shares there involved had no peculiar value, that the commodity was not one which the defendants alone could supply, but was a kind of property customarily bought and sold in the market.

The facts in the instant case are distinguishable from those in the *Avery Case* and bring it within the class of one of the exceptions to the general rule, that stated above. The contract involves all of the common stock of the corporation; all of it is owned by the defendants and it is not available in the market.

The status of the stockholders of the corporation as non-owners of the real estate exists by reason of legal fiction which characterizes the corporation as a separate entity and as such owns the apartment building. It seems to us, however, that in this case the defendants who are the owners of all the stock of the corporation which owns no property except the apartment site, should be considered as though they were the owners of the title to the real estate. The only real difference between their status as it exists and as it would be did the corporation not exist is that they hold certificates of stock instead of a deed. If they held the latter there would be no question that specific performance would be compelled. That the plaintiffs were particularly interested in purchasing the real estate and that the real transaction was the sale of the property is indicated by the fact that their offer to purchase the stock was conditioned upon the "understanding that said corporation is the owner of the land and apartment." The court also found, and the finding is not attacked, that "it was the desire of the plaintiffs, . . . to acquire said apartment building. . . . So far as the parties were concerned, the contract to all intents and purposes was one for the sale of real estate." There is no assignment of error that the finding is not supported by the evidence. While we might therefore refuse to examine the record to determine whether it finds support in the testimony, *My Laundry Co. v. Schmeling*, 129 Wis. 597, 109 N. W. 540, we have made such examination and conclude that it is not against the clear preponderance thereof.

The circumstances are therefore such that we may properly treat the case as though it were an action to compel specific performance of a contract to convey real estate. We conclude that the court properly held that plaintiffs are entitled to specific performance.

It is next contended that the contract may not be specifically enforced because it is lacking in mutuality. This contention is based upon the fact that it was signed by only one of the plaintiffs, Hazel Kurth. Defendants state that although she purportedly signed as agent for the other plaintiffs, it was not shown that she had authority to act for them; that the latter were not bound by her act, that therefore defendants could not have obtained a judgment for specific performance on their part, and that consequently the contract lacks the element of mutuality.

We do not consider it necessary to recite in detail the testimony of the plaintiffs upon the issue as to whether those for whom Mrs. Kurth purported to act had authorized her to do so. The trial court found expressly upon sufficient proof that they did. The finding is attacked principally upon the ground that some of the plaintiffs gave testimony at adverse examinations before trial which is claimed to be at variance with that given at the trial. The question of the credibility of the witnesses was for the trier of the facts. *Henry v. La Grou,* 200 Wis. 110, 227 N. W. 246.

The contract is claimed to be too indefinite and ambiguous to be specifically enforced. Defendants contend that indefiniteness and ambiguity appear from the terms of the contract which provide, (1) that the books of the corporation be delivered for inspection one week before closing and that the records be in proper form based upon accepted legal and accounting practices, (2) that the sellers deliver the resignations of the officers and directors, (3) that the sellers guarantee that the corporation has no liabilities other than that represented by a FHA mortgage, and (4) that the corpo-

ration shall have among its assets such reserves as are required by FHA regulations and the terms of the mortgage.

The defendants are the sole officers and directors of the corporation. Presumably they have physical custody of its books and records. There is nothing indefinite or complicated in the provision of the contract or the requirement of the judgment that they deliver their resignations and the corporation's books. Mr. von Briesen, who was at one time a director of the company, now represents the plaintiffs as one of their attorneys; it may be assumed that if he is still a director plaintiffs will have no difficulty in obtaining his resignation. The judgment disposes of the possibility that credits may be due plaintiffs on account of additional liabilities by providing that there shall be deducted from the cash to be paid the amount of liabilities other than that represented by the FHA mortgage and by reserving jurisdiction to determine any disputes which might arise in that regard. The judgment also provides that there shall be deducted from the purchase price the amount of cash reserves which the corporation may have been required to maintain under the regulations of FHA or the terms of the mortgage; there is nothing indefinite in the terms of the contract or the judgment in that regard.

Thus it appears that the provisions referred to are neither indefinite nor ambiguous. Nor are they difficult of performance. As to the two first-named objections, it is a simple and clearly defined duty on the part of the defendants to perform. As to the others, the court had and exercised full authority to provide for compensation to plaintiffs if adjustment were necessary. *Miller v. Milwaukee Odd Fellows Temple,* 206 Wis. 547, 240 N. W. 193.

It is contended that the court erred in excluding evidence of misrepresentation alleged to have been made by Broker Chase to induce defendants to sign the offer to sell. The offer of the testimony was rejected for the reason that it

had not been established that Chase had acted as agent for plaintiffs. That was the court's ruling when the offer was made and the judge in his findings recited that it had not been established that the relationship existed. Defendants do not now contend that the relationship had been established. They urge that the testimony should have been received because "such statements as were made and the circumstances surrounding the execution of the contract, can be shown as a part of the *res gestae.*" The only authority cited for this contention is Jones, Evidence, Civil Cases (2d ed.), p. 429, sec. 344 (347):

"When declarations or acts accompany the fact in controversy and tend to illustrate or explain it, they are treated, not as hearsay, but as original evidence, in other words, as part of the *res gestae.* Thus, conversations contemporaneous with the facts in controversy and explaining such facts are admissible."

That rule is not applicable; it permits evidence of conversations contemporaneous with the facts in controversy and explaining such facts as are admissible. The testimony was not offered for that purpose, nor can it be so considered. As we have already pointed out the contract is unambiguous and requires no explanation. If it were to be granted that the testimony offered might be considered a part of the *res gestae,* which we do not, it still was not admissible, for in view of the fact that the alleged relationship of agency was found not to have existed, it was not relevant or material to any of the issues of the case. 20 Am. Jur., Evidence, p. 557, sec. 663; *Ranger v. Goodrich,* 17 Wis. * 78.

Defendants concede that if the testimony as to the alleged fraudulent representations of Chase was properly excluded they fail in their argument that they were entitled to a jury trial. Even without that concession we should be required to hold that the court properly took the issues from the jury.

The court denied defendants' demand that they be allowed interest on the unpaid portion of the purchase price from the

date of the contract to the date of closing. After allowing credit for the down payment of $5,000 toward the purchase price and the amount of the FHA mortgage the balance payable is approximately $21,700. The court ordered the rentals collected from November 15, 1950, to be paid to plaintiffs.

Defendants contend that it would be unfair to permit plaintiffs to recover the rents and also to retain the balance of the purchase price without being required to pay interest on such balance. Plaintiffs cite *Eau Claire v. Eau Claire Water Co.* 137 Wis. 517, 119 N. W. 555, as authority opposed to the contention. It was there held that where a vendor, who is under legal duty to convey, wrongfully refuses to do so he is liable to account for the profits received by him while the refusal continues, abated to the extent of the amount that the purchase price held by the vendee has earned during that period, but that there should be no such abatement where the purchase money has been tendered and appropriated to the purposes of the tender. There was no tender in the instant case. But the defendants had declared their refusal to be bound by the contract; a tender would have been useless. *Bitof v. Hoppe,* 186 Wis. 409, 202 N. W. 699. We consider, therefore, that the rule of the *Eau Claire Case* is applicable.

All the plaintiffs have had their respective portions of the purchase price available at all times, two of them in cash and the others in the form of cash and E bonds. The record does not disclose what amounts, if any, have been earned upon the funds or property held by plaintiffs. In the absence of such showing we are unable to determine, as was the trial court, whether plaintiffs have gained any benefit by the fact that they have been able to retain the balance of the purchase price pending the conclusion of this litigation. The trial court properly denied defendants' demand for interest.

*By the Court.*—Judgment affirmed.