A. C. GINGERICH, appellee, v. PROTEIN BLENDERS, INC., and MAPLECREST TURKEY FARMS, appellants.

No. 49706.

(Reported in 95 N.W.2d 522)

MARCH 10, 1959.

Newton L. Margulies, Max Putnam and Putnam, Putnam & Putnam, all of Des Moines, for appellants.

Louis J. Kehoe and Alfred E. Baldridge, both of Washington, and Simmons, Perrine, Albright, Ellwood & Neff, of Cedar Rapids, for appellee.

THOMPSON, C. J.—Plaintiff's action is brought in five counts. We find it necessary, however, to consider only Count I. The action is in equity for specific performance of a contract for the sale of corporate stock, and defendants' complaint is that the trial court improperly denied their motion to transfer to law. Counts II through V are clearly cognizable at law, being for money demands only; and plaintiff justifies the court's ruling that they are triable in equity only by the contention that they grow out of the same transaction as that stated in Count I, which he says is clearly matter for equitable relief; and so fall within the rule that equity having obtained jurisdiction over the subject matter will determine all questions material to the accomplishment of full and complete justice between the parties. Since we have concluded that Count I itself is properly cognizable at law, it follows that the other counts are also triable in that forum, and we shall give no further attention to them.

Count I of plaintiff's petition declares upon a written contract, by the terms of which the defendant Protein Blenders, Inc., agreed to purchase from plaintiff 4505 shares of preferred

stock in the defendant Maplecrest Turkey Farms, at the price of $52.50 per share, or a total sum of $236,512.50. Protein Blenders, Inc., will hereinafter be referred to as the defendant. The petition alleges that the defendant has failed and refused to accept the stock or to pay the agreed amount therefor.

It is further alleged that the plaintiff has "tendered defendant Protein Blenders, Inc., all of said 4505 shares of said preferred stock, together with the certificates evidencing same, properly endorsed, and demanded payment therefor; sellers have performed all other conditions on their part.

"Plaintiff is now ready, willing and able to perform said contract * * * and hereby tenders said 4505 shares of said preferred stock and the certificates evidencing same properly endorsed."

The petition further pleads that "Said preferred stock is of unknown and not easily ascertainable value; that the plaintiff has no adequate remedy at law." The prayer of the petition is this:

"WHEREFORE, on Count I plaintiff prays for a decree of specific performance of said contract and judgment against defendant Protein Blenders, Inc., for $236,512.50 with interest thereon as provided by law and for such other relief as may be equitable and that he have judgment for costs."

Defendants moved to transfer to law, and their motion was overruled. Application being duly made, we granted leave to appeal as from an order before final judgment.

I. It is the defendant's contention that Count I of plaintiff's petition is merely a money demand and as such is triable by ordinary proceedings; in other words, that plaintiff has an adequate remedy at law. In addition to its motion for transfer of the entire action to law, defendant filed a written request for a jury trial, which the trial court's ruling had the effect of denying also.

The plaintiff asserts that for the purposes of this appeal we must take the case as made by its petition. This is correct, at least as to well-pleaded allegations. Gigray v. Mumper, 141 Iowa 396, 398, 118 N.W. 393, 394. So it is urged that the statements that the stock in question is of unknown and not easily ascertainable value are conclusive; and, this being so, it follows

that equitable jurisdiction to enforce specific performance must attach. We agree that the allegations as to value must be taken as true; but we are unable to join in the conclusion which plaintiff draws therefrom. We think it appears from the pleaded allegations of the petition that plaintiff has an adequate remedy at law; and, this being so, defendant's motion was well taken.

II. The problem is not exceptionally difficult and is solved by certain elementary rules which are clearly applicable. Personal property includes everything which is the subject of ownership and is not classified as real estate. 73 C.J.S., Property, section 8, page 170. Specific performance of contracts in relation to personal property will not be enforced ordinarily, or in the absence of special circumstances making the payment of damages inadequate to afford proper relief. 49 Am. Jur., Specific Performance, section 125, pages 146, 147; 81 C.J.S., Specific Performance, section 65, pages 568, 569. Corporate stock is personalty, and the same rules apply. Thus it is said in the same title in 49 Am. Jur., section 130, page 154: "The remedy by specific performance has been refused to the vendor where the only purpose of the suit was to recover the purchase price, for which the remedy at law was adequate." Jones v. Newhall, 115 Mass. 244, 15 Am. Rep. 97; Hissam v. Parrish, 41 W. Va. 686, 24 S. E. 600, 56 Am. St. Rep. 892. The rule is thus stated in 81 C. J. S., supra, section 70, page 577: "* * * specific performance of a contract concerning stock or bonds usually will not be decreed unless damages at law are clearly incomplete and inadequate; * * *." We ourselves have followed the general rule without exception. In the early case of Richmond v. The Dubuque & Sioux City R. Co., 33 Iowa 422, 480, we said: "Equity will not interfere when the injured party has an adequate remedy at law."

III. However, counsel for plaintiff contend the remedy here is not adequate; and they cite authorities which they think support their position. They rely much upon the pleaded allegation of their petition that the stock in question has an unknown and not easily ascertainable value. Many of their authorities go to the point that in such circumstances the vendee who has contracted to purchase stock may compel its delivery to him by an action asking specific performance by the vendor. Likewise, it

is held that when the stock represents control of the corporation its delivery may be required in such an action. Schmidt v. Pritchard, 135 Iowa 240, 112 N.W. 801, and Kurth v. Hauser, 262 Wis. 325, 55 N.W.2d 367, are of this type. It may also be true that the seller of corporate stock which has no known or readily ascertainable value may have a right of specific performance to recover the agreed price when his damages would be difficult to assess and uncertain in amount if he were limited to an action at law, although we find it unnecessary to decide this point under the circumstances of the case before us. See First National Bank of Hastings v. Corporation Securities Co., 128 Minn. 341, 150 N.W. 1084. We think the amount of plaintiff's recovery as shown by Count I of his petition is definite and fixed and does not depend upon the question of whether the stock has a known or ascertainable value. We shall discuss the reason for this holding in Division V following.

IV. The question of mutuality of remedy is urged somewhat in the plaintiff's brief, although it is conceded that the fact that specific enforcement may be available to one party to a contract does not in itself make it available to the other. Thus, in the case at bar, if plaintiff had refused to deliver the stock as agreed and the defendant had been held entitled to an action for specific performance, it would not necessarily follow that plaintiff would have the same remedy; or, to put it in other terms, a denial of that remedy to the plaintiff would not perforce have meant that defendant might not be able to use it.

It is true that we have in the past laid down the rule that "Equity will not interfere to compel specific performance of a contract by one party where similar relief would not or could not be granted against the other party upon his refusal to perform." Gossard Co. v. Crosby, 132 Iowa 155, 169, 109 N.W. 483, 488, 6 L. R. A., N.S., 1115; Luse v. Deitz, 46 Iowa 205, 206 (citing Fry on Specific Performance of Contracts, section 286); Richmond v. The Dubuque & Sioux City R. Co., supra, at page 486 of 33 Iowa. The converse of this rule, if followed, must necessarily be that when one party may specifically enforce, the other may likewise do so. But the rule is not sound, has been much criticized, and so many exceptions have been engrafted upon it that it is no longer recognized as controlling. Plaintiff's

counsel recognize this, and with commendable candor cite Restatement of Contracts, section 372(2) : "The fact that the remedy of specific enforcement is available to one party to a contract is not in itself a sufficient reason for making the remedy available to the other; but it is of weight when it accompanies other reasons, and it may be decisive when the adequacy of damages is difficult to determine and there is no other reason for refusing specific enforcement."

A thorough discussion of the question, with citation of many authorities, will be found in Vanzandt v. Heilman, 54 N.M. 97, 214 P.2d 864, 22 A. L. R.2d 497; and see Peterson v. Johnson Nut Co., 204 Minn. 300, 283 N.W. 561; Morad v. Silva, 331 Mass. 94, 117 N.E.2d 290, 293; Beets v. Tyler, 365 Mo. 895, 901, 290 S.W.2d 76, 80 ("mutuality of remedy is not always essential to a decree of specific performance"); and 81 C. J. S., Specific Performance, section 11, pages 427, 428.

So far as the Iowa cases cited above in this division hold that mutuality of remedy is essential to an action for specific performance or, by inference and conversely, that if one party is entitled to the remedy the other must likewise be, they are overruled.

V. We turn then, without in any manner passing upon the question whether specific performance might have been available to the defendant if plaintiff had failed to carry out the contract, to a determination of whether plaintiff has an adequate remedy at law. We think his recovery for defendant's alleged breach is definite and readily ascertainable. It is, in fact, as measured by the averments of his petition, the right to have judgment for the agreed purchase price of $236,512.50. It is true that the common-law rule for recovery of damages for breach of contract for the sale and purchase of personal property is the difference between the agreed price and the actual market value; and if this were true here, under the allegations, such damages might be difficult to ascertain and to prove. It is also true that section 554.64 of the Uniform Sales law probably does not apply to the situation here because under the definition of "Goods" contained in section 554.77 the Sales law does not apply to things in action, and corporate stocks have generally been held to be choses in action.

But we think the governing rule, which we applied to all personal property, was expressed and adopted by this court long before the enactment of the Uniform Sales law, which was done by the Thirty-eighth General Assembly in 1919. In Hamilton v. Finnegan, 117 Iowa 623, 627, 91 N.W. 1039, 1040, we quoted with approval and followed this language from Dustan v. McAndrew, 44 N.Y. 72: " 'The vendor of personal property, in a suit against the vendee for not taking and paying for the property, has the choice, ordinarily, of one of three methods to indemnify himself: (1) He may store or retain the property for the vendee, and sue him for the entire purchase price; * * *'. " Alternative remedies are then set out which do not concern us here. We stated this rule with approval in the later case of Pate v. Ralston, 158 Iowa 411, 413, 139 N.W. 906, 907, 51 L. R. A., N.S., 735, saying: "He [the vendor] may retain the property for the vendee and recover the purchase price; * * *." We also quoted with approval this language from Shipps v. Atkinson, 8 Ind. App. 505, 506, 36 N.E. 375: " 'In all cases of contracts for the sale of personal property, where it has any market value, the vendor, before he can recover of the vendee, must have delivered the property to the vendee, or have done such acts as vested title in the vendee, *or would have vested the title in him if he had consented to accept it, * * *.* ' " (Italics supplied.) Page 414 of 158 Iowa, page 907 of 139 N.W. Hamilton v. Finnegan, supra, was cited. Both of these cases were decided before the enactment of the Uniform Sales law, and the rule laid down is in no manner changed by the law. The principle of Hamilton v. Finnegan and Pate v. Ralston, both supra, applies to all classes of personal property, which term includes corporate stocks.

It is true that in Pate v. Ralston, supra, it was held that the vendor might not sue for the agreed sale price, because he had not set apart the property to be sold—certain fruit trees and shrubs—from his entire stock, and had made no tender to the vendee. But the allegations of the petition in the instant case are that tender had been made of the stock certificates properly endorsed, and all conditions of the contract had been performed by the seller; and the tender is kept open by the terms of the petition. "Such acts were done as would have

vested title in the vendee if he had consented to accept it." In Hissam v. Parrish, supra, at page 691 of 41 W. Va., page 602 of 24 S.E., it is said: "* * * the bill is for the payment by the defendants for eight shares of the stock of the Milton Manufacturing Company; and we can see nothing which would prevent the collection of the amount in an action of covenant or *assumpsit* if the plaintiff could show himself entitled to recover the amount." In fact, the right of the plaintiff to recover the agreed purchase price in an action at law is not challenged by the defendant, but is in fact asserted in these terms: "The remedy sought by the plaintiff in the case at bar * * * is the precise remedy which the law courts are specially designed to afford in the way of plain, adequate, and complete relief." We hold that the plaintiff's petition states a case for recovery of the agreed sale price of the stock at law, which forum affords adequate relief; and accordingly no ground for equitable remedies exists.

The plaintiff cites two Federal cases which he thinks support his contention. David v. McRae, 183 F. 812, seems rather to point up the rules which we have set forth above in this division. Certain stock which the plaintiff had agreed to sell to the defendant had not been paid for, but had been placed in escrow with a bank to be held until the contract was consummated. In this situation the Federal Circuit Court for the Western District of Washington, N. D., said that since the complainant could not withdraw the stock for the purpose of making a tender, he could not maintain a suit at law for the purchase price. The implication is strong that if the complainant had been able to make a tender he would have had an adequate remedy at law and specific performance would not have been available. Moloney v. Cressler, 7 Cir., 236 F. 636, 644, again involved stock which had been placed with a bank to be held pending final closing of the sale. The seller brought his action for specific performance of the sale and purchase contract. The factor of the stock being held in escrow, deemed of controlling importance in David v. McRae, supra, was mentioned but not emphasized. The court summarily dismissed the contention that specific performance was not available to the seller, saying: "The transaction involved the whole capital stock of the corpo-

ration, which was property not to be obtained in the open market. The stock itself was to be held by the bank, until payment should be made to appellee in full, for the benefit of both parties." If the court's decision was placed on the ground that the sale concerned control stock, in which case the remedy of specific performance would have been available to the buyer and so must have been proper for the seller also, for the reasons set out above we do not agree. The discussion, however, is so meager that it is difficult to determine exactly what ground was thought sufficient to give equitable jurisdiction, and we do not find the authority either controlling or highly persuasive.

We conclude that on the case made by the petition substantial justice does not require the interposition of equity through the requirement of specific performance, but that an adequate remedy exists at law, which can give the exact relief asked. The trial court was in error in denying defendant's motion to transfer.—Reversed.

All JUSTICES concur.